FIDELITY TRUST COMPANY, Plaintiff in Error, v. MEXICO, SANTA FE & PERRY TRACTION COMPANY.

**Division One, March 30, 1917.**

1. **WRIT OF ERROR: New Suit.** A writ of error is not, like an appeal, to be considered as a continuation of the original action, but as a new action, which must contain, on its face, the evidence of the right of the plaintiff in error to a review.

2. ———: **Specification of Parties.** Although the writ of error is a writ of right, that right differs in no respect from the absolute right to bring an action under the Code of Civil Procedure, which can only be done by petition, specifying, among other things, the names of the parties to the action. So in the writ of error, the plaintiff must be equally explicit as to the identity of the judgment he attacks and those against whom he seeks a remedy.

3. ———: ———: **Real Party Not Named.** If neither the name of the party with whom alone is the controversy, nor his judgment by any title which identifies it, is mentioned in the writ, and he does not come within any description contained in it by which he can be identified as the adversary of the plaintiff in error, the writ must be quashed.

Error to Audrain Circuit Court.—*Hon. James D. Barnett,* Judge.

Writ quashed.

*E. W. Hinton* and *David H. Robertson* for J. S. Brown, Trustee, Intervenor.

(1) The writ of error is insufficient to bring any record before this court, and especially the record in the intervening or branch case between Brown, Trustee, as claimant, and Fidelity Trust Company, which is apparently the record sought to be reviewed; the writ wholly fails to name the parties to the cause below, and is fatally defective. Miller v. McKenzie, 10 Wall. 582; Davenport v. Fletcher, 16 How. 142-143; Smythe v. Strader, Pevine & Co., 12 How. 327. Hence, the court

cannot take jurisdiction. A writ of error is the beginning of a new suit. Macklin v. Allenberg, 100 Mo. 337. It operates to remove the record of the cause below to the appellate court, and it is therefore jurisdictional that the cause below be described by naming all the parties. St. Louis v. Theatre Co., 201 Mo. 396. (2) The notice must advise what judgment, the parties to the judgment, and the cause in which given, which is sought to be reviewed by writ of error. 3 Corpus Juris, pp. 1211 and 1212; Drug Co. v. Hill, 61 Mo. App. 680.

*Clarence A. Barnes, Justin D. Bowersock* and *Robert B. Fizzell* for plaintiff in error.

(1) The defendant in error, J. S. Brown, Trustee, contends that the writ of error issued in this cause should be quashed because the writ does not set out the names of all the parties in the court below. An examination of the statute and practice governing writs of error in this State shows that this was not necessary. Sec. 2054, R. S. 1909. Our statute does not prescribe the form of the writ or its contents, nor does it provide that the writ shall be served on the adverse parties, as was the rule at common law. Instead of this, it provides (Sec. 2071) for the giving of notice of the suing out of the writ to the adverse parties. As to the writ itself, the statute leaves it as a matter solely between the clerk of this court and the court below. It is the duty of the clerk of this court to describe the action below sufficiently to enable the lower court to certify up the record in the proper case. It is the duty of the lower court to certify up the record in the case described in the writ, and in no other case. In the present case both of these duties were fulfilled. The defendant in error contends that the designation "et al." in the writ was meaningless, although it is a term universally employed by bench and bar and was used in the present case in the journal entries in the court below. Cowhick v. Jackson, 161 Mo. App. 459; State ex rel. v. Mining Co., 169 Mo. App. 79. The

defendant in error has cited several old cases in the United States Supreme Court to support his contention that the writ of error should name all of the parties in detail.   These cases were not only decided at a time when a writ of error was a technical remedy, and not a statutory mode of review as in this State, but they were decided in view of the common law principle which required that the writ be served on the adverse party, and under which the writ itself was the sole notice to the adverse party that such writ had been issued. If the writ was not so served, it would be dismissed. Washington County v. Durant, 7 Wall. 694;  Wood v. Lide, 4 Cranch, 180.   If the writ itself is served upon the adverse party, and if it constitutes the sole notice to him of its issuance, necessarily it must be more complete than in this State where is is purely a matter between this court and the lower court, and where a separate notice of the issuance of the writ is prescribed by the statute.   The form of the writ in the case at bar was specifically approved by this court in a dictum in the case of St. Louis v. Butler, 201 Mo. 396.   See also Gulf Line Ry. Co. v. Way, 137 Ga. 109.   (2) The defendant in error, J. S. Brown, Trustee, contends that the notice served upon him of the issuance of the writ of error in this cause, was insufficient.  An examination of the notice in view of the statutory requirements concerning it proves its sufficiency.  Sec. 2071, R. S. 1909.  The notice in the present case contains the names of every party to the writ. The Fidelity Trust Company, a plaintiff below, is the sole plaintiff in error, and every other party below, except the co-plaintiffs who refused to join in the writ, is named as a defendant in error.   The notice is addressed to all of the defendants in error or their attorneys of record as the statute permits.   It is true that the notice does not set out in detail all of the parties in the lower court in describing the action below.   The statute does not require that it should.   It is the suit in this court of which the defendants in error should be advised, not of the suit below.   The rule

adopted by the courts of appeals in determining the sufficiency of the notice is whether on a fair and reasonable interpretation it informs the respondent that an appeal has been taken. Coal Co. v. Mo. Pac. Ry. Co., 48 Mo. App. 578; Munroe v. Herrington, 99 Mo. App. 288; Igo v. Bradford, 110 Mo. App. 670; Teasdale & Co. v. Produce Co., 120 Mo. App. 584; Swift & Co. v. Baldwin, 185 S. W. 551.

BROWN, C.—This controversy is here upon writ of error to the circuit court for Audrain County, and the question of the sufficiency of the writ stands at the door of its consideration. It is as follows, omitting the attestation which is regular:

The State of Missouri, ss.

The State of Missouri, To the Judge of the Eleventh Judicial Circuit in said State, Greeting:

Whereas in the record and proceedings in a certain cause lately pending in the Circuit Court of Audrain County, wherein J. D. Bates et al. were plaintiffs, and Mexico, Santa Fe & Perry Traction Company et al. were defendants in a civil action, manifest error hath intervened to the great damage of the said Fidelity Trust Company, one of the above plaintiffs, as by its complaint we are informed.

Now we being willing that the error, if any there be, should be corrected, and full and speedy justice done to the parties aforesaid, in that behalf command you that you send to us, certified under your seal a perfect transcript of the record and proceedings in the cause aforesaid, or in lieu of such transcript, a certified copy of the record entry of the judgment order or decree, showing the term and day of the term, month and year upon which the same shall have been rendered, as the plaintiff in error shall direct, as fully as the same remain of record before you in said court, so that we may have them before us at our Supreme Court, to be begun and held at the City of Jefferson, in the County of Cole in said State, on the second Tuesday in October, next, so that our Judges of our Supreme Court on inspecting the record and proceedings aforesaid, may cause to be further done therein, for correcting the error, what of right and according to law ought to be done, and have you then and there this writ.

Prior to its issuance the Fidelity Trust Company requested J. D. Bates, W. W. Mundy, L. E. Botts, J. A. Botts, J. S. Brown, D. B. Guthrie, J. P. Cauthorn,

C. C. Heizer and W. W. Botts to join with it in the application for the writ, all of whom refused to do so.

After the issuance of the writ, and more than twenty days before the return day named in it, the said Fidelity Trust Company caused a notice in writing of its issuance to be served on the following persons and corporations: Mexico, Santa Fe and Perry Traction Company; W. W. Botts, receiver of said company, J. S. Brown, trustee; S. L. Robertson, Mathias Crum, Butler Manufacturing Company, Bates Machine Company, Coatsworth Lumber Company and Crane Company. This notice concludes as follows: "The plaintiff in error, Fidelity Trust Company, was one of the plaintiffs in case, J. D. Bates et al. v. Mexico, Santa Fe & Perry Traction Company et al., the other plaintiffs refused to join in the writ of error. The return day of such writ of error is the first day of the Oct. term, 1914, of the Supreme Court, the same being Tuesday, October 13, 1914."

The transcript which constitutes the return to the writ is entitled as follows: "J. D. Bates et al., plaintiffs, v. Mexico, Santa Fe and Perry Traction Company et al., defendants," while the original petition which constitutes its first entry is entitled as follows: "J. D. Bates, W. W. Mundy, L. E. Botts, J. A. Botts, J. S. Brown, D. B. Guthrie, J. P. Cauthorn, C. C. Heizer and W. W. Botts, plaintiffs, v. Mexico, Santa Fe and Perry Traction Company, a corporation, and Fidelity Trust Company of Kansas City, a corporation, defendants." The petition was filed in the Audrain Circuit Court, January 28, 1913, and alleged that the plaintiffs owned a total of 137 bonds of the Traction Company (each in the sum of $250, or a total of $34,250); that the interest thereon was in default; that the Traction Company was insolvent; that the company's property was in danger of being lost; and asked that a receiver be appointed to administer it, and that the deed of trust to the Fidelity Trust Company, trustee, be foreclosed. It also stated, in substance, that the Fruin-

Bambrick Construction Company had a judgment against the Traction Company for the sum of $47,900.47, and that great doubt existed as to whether or not it constituted a lien superior to that of the bonds on the property of the Traction Company, and asked that the receiver take immediate charge of the property, and for its sale and for the adjudication of the priority of the several liens.

A receiver was appointed on March 3, 1913, and on the 28th day of the same month the Fidelity Trust Company filed its answer setting out that by the provisions of the deed of trust it had the exclusive right to institute and maintain the foreclosure suit and asking that it be discharged as a defendant, which was done. In the meantime intervening petitions were filed by parties claiming small construction liens upon the railway company, and who are with the exception of J. S. Brown, Trustee, the same parties who were notified of the issuance of the writ of error.

On April 21, 1913, the court entered its decree foreclosing the deed of trust, and ordering the sale of the property by the receiver, free and clear of encumbrances; and that the money raised from such sale should not be distributed until the court should determine whether the lien of the Construction Company was prior to that created by the deed of trust. The sale was made on May 17, 1913, from which the sum of $37,500 was realized. On the 28th of the same month the Construction Company, through one Marshall Rust, assigned its judgment to J. S. Brown, Trustee, whose connection with the litigation in that capacity then began.

On June 2, 1913, he filed as such trustee an intervening petition setting up his ownership of the judgment of the Fruin-Bambrick Construction Company, and claiming thereunder a lien on the proceeds of the receiver's sale prior to the lien of the deed of trust. The Fidelity Company answered, setting up its claim under the deed of trust to the entire proceeds of the sale. The

intervenor replied, and the issue was tried by the court. The entire record in the original cause was introduced, together with much other evidence. The court found that there was in the hands of a receiver $37,500, which, after payment of certain costs, including attorneys' fees, and not including the costs of the intervenor, which were taxed against the Fidelity Trust Company, was to be prorated among J. S. Brown, Trustee, as assignee of the Fruin-Bambrick Construction Company, the Crane Company, the Coatsworth Lumber Company, the Butler Manufacturing Company and Bates Machine Company, so that each should receive the same per cent of his claim out of the fund. From this judgment an appeal was asked by the plaintiff in error and granted, and leave given to file a bill of exceptions, which is the same bill of exceptions returned with this writ of error. Should it be necessary to refer further to the record we will do so in the opinion.

One J. S. Brown, Trustee, an intervenor upon the record filed as a return to this writ of error, has moved that the writ be quashed for the reason that it is wholly insufficient in law in failing to name or describe the parties to the record below or in this court.

The facts -before us are as follows: Suit was instituted by one J. D. Bates and eight other individuals claiming to be holders of bonds secured by deed of trust of the Mexico, Santa Fe & Perry Traction Company, a corporation, against that corporation and the Fidelity Trust Company, the trustee in the deed of trust, to foreclose that instrument and have a receiver *pendente lite.* The Trust Company answered that by the terms of the deed of trust it was the only party entitled to foreclose, and on its own application the court "discharged" it as defendant, and permitted it to proceed as a plaintiff, and the cause thereafter proceeded upon the record by the designation of J. D. Bates *et al.,* appellants, v. Mexico, Santa Fe & Perry Traction Company *et al.,* defendants. This is the title as it appears both in the writ of error and the

*Writ of Error.*

return thereto. The cause proceeded in this way to final judgment of foreclosure on April 21, 1913, under which the property was sold May 17th and was purchased by J. D. Bates, Trustee, for $37,500, which in the hands of the receiver then became the bone of contention. After the sale J. S. Brown, as trustee for himself and others, purchased the Fruin-Bambrick judgment mentioned in the foregoing statement and intervened with a claim for the money in his capacity as trustee. The priority of a number of other intervenors who had established small liens upon the property was recognized in the decree of foreclosure, but we cannot gather from the record that their right is questioned. Around the intervention of J. S. Brown, Trustee, the sole controversy gathered and the Trust Company has thus far indicated no other object in the prosecution of this writ than to dispute his priority.

The application for this writ is not before us. Although the common law procedure in such cases required a *praecipe* containing the names of the parties and the nature of the judgment, we will assume, without determining its necessity, that it was filed and that it contained all the facts that appear upon the face of the writ, and determine its validity.

It is the settled doctrine of this court that a writ of error is not, like an appeal, to be considered as a continuation of the original action, but as a new action which must contain, on its face, the evidence of the right of the plaintiff in error to a review. [St. Louis v. Butler, 201 Mo. 396.] Although it is a writ of right, that right differs in no respect from the absolute right to bring an action under the Code of Civil Procedure, which can only be done by petition specifying, among others things, the names of the parties to the action, plaintiffs and defendants. These may not be left to be gathered by general averments showing whom the plaintiff might have sued had he so desired. So in this proceeding the plaintiff must be equally explicit as to the identity of the judgment he attacks and those against

whom he seeks the remedy. There are many plaintiffs in this case beside the plaintiff in error, but none of them had any fault to find with the judgment, and would not proceed with him against it, so that Bates, the only plaintiff named in the title to the cause, had nothing to do with this proceeding. There were two defendants included in the title—the Traction Company, against whom the foreclosure was sought, and this plaintiff in error, who afterward had itself transferred to the other side. It evidently has no controversy with the Traction Company, so that the title to the case, as it appears in the writ, contains no hint as to the identity of the real defendant in error. So far as this proceeding goes the plaintiff in error was, at the time the decree of foreclosure was entered, the sole plaintiff, and the Traction Company the sole defendant. The Construction Company had taken no steps upon the record to become a party. After the sale, Brown, Trustee, as its representative by assignment, intervened with a claim for the proceeds and won. The controversy is with Brown, Trustee, and with him alone, and yet neither his judgment nor his name is mentioned in the writ, nor does he come within any description contained in it by which he can be identified as the adversary of the plaintiff in error.

The writ should show on its face the name or some equivalent description of the one against whom it is directed, and such description as will identify the judgment upon which error is intended to be assigned. For insufficiency in these respects the writ is quashed and the proceeding dismissed.

*Railey, C.,* concurs.


PER CURIAM:—The foregoing opinion of BROWN, C., is adopted as the opinion of the court. All the judges concur; *Bond, J.,* in result.