JOHN T. BRANN, Plaintiff in Error, v. LENA POOL et al.

Division One, May 23, 1925.

1. **WRIT OF ERROR:** Notice to Defendants in Error. All defendants in error should be served with notice of the suing out of a writ of error filed in the appellate court; otherwise, they are not required to appear.

2. ———: ———: On Attorney: Guardian ad Litem: Waiver. Notice of the suing out of a writ of error may be served on the attorney of record for the defendants in error, and if he is also attorney of record for the guardian *ad litem* of a minor defendant service may be served on him as attorney for such minor or guardian, as well as on him as attorney for the other defendants in error. And such attorney of record can waive formal service of notice for all defendants in error whom the record shows he represents, but he cannot waive service for any defendant in error, and especially for a minor defendant, for whom the record fails to show he is or was attorney.

3. ———: ———: To Defendant Who Has Sold Interest. Where a party who was a defendant in the trial court, in which a judgment was rendered in favor of defendants, has sold her interest before the writ of error is sued out, she is no longer a necessary defendant in error, and notice to her of the suing out of the writ is not necessary.

4. ———: ———: Waiver by Attorney. Where the attorney of record for defendants in the trial court signs a waiver of notice of the suing out of a writ of error by plaintiff, as attorney for all defendants in error, his right so to sign will be presumed in the absence of any showing to the contrary. But where the record shows that the guardian *ad litem* filed an answer for the minor defendant in his own name, and the record does not show who signed the answer for the other defendants or who was their attorney of record, a waiver of notice signed by an attorney as "attorney for defendants" is not either notice or waiver of notice, and there being no actual notice the defendants in error are not before the appellate court, and the writ of error must be dismissed.

5. ———: ———: Appearance: Filing of Brief: Waiver: Minor. A filing of a brief on the merits by the attorney for the named defendants in error, along with a motion to dismiss, does not amount to a waiver of failure to give notice of a suing out of the writ; and even a suggestion to dismiss because of failure to give such notice will be held to amount to a motion, where the defendant in error is a minor and no notice has been given or acknowledged,

Brann v. Pool.

Citations to Headnotes: Headnote 1: Appeal and Error, 3 C. J. sec. 1296. Headnote 2: Appeal and Error, 3 C. J. sec. 1296. Headnote 3: Appeal and Error, 3 C. J. sec. 1003 (Anno). Headnote 4: Appeal and Error, 3 C. J. secs. 1296, 1341; Attorney and Client, 6 C. J. sec. 128. Headnote 5: Appeal and Error, 3 C. J. sec. 1296; 4 C. J. sec. 2416 (Anno).

Writ of Error to Scotland Circuit Court.—*Hon. Earl E. Fogle,* Special Judge.

DISMISSED.

*Hudson V. Smoot* for defendants in error.

A writ of error is not a continuance of the original action, but a new action, and notice of the suing out of the writ, must be served on all of the adverse parties or their attorney of record. Fidelity Trust Co. v. Mexico S. F. & P. Traction Co., 270 Mo. 487; Sec. 1502, R. S. 1919.

*McKee & Raines* for plaintiff in error in reply.

The question of suing out writ of error is not properly before the court, for no motion in writing signed by counsel has been filed moving dismissal for want of notice, as required by Rules 2 and 23 of this court. (2) The court would not be warranted in dismissing on its own motion for the record shows H. V. Smoot appeared in the cause for all the defendants and is the only attorney that at any time appeared for them or any of them and that he acknowledged service of the notice of suing out the writ as attorney of record for all the defendants and afterwards acknowledged receipt of brief as such. Therefore the court must be informed by evidence outside the record, and motion would be required. (3) If the question was properly presented by motion, the record would undoubtedly clearly show it was without merit. It was the duty of the guardian to protect the interest of his ward, and to employ counsel to do so, who would thus become attorney for the ward. There is as much evidence that Smoot was employed by Scofield as there is that Meyers or any of the other defendants employed him; the interest of Myers's ward and Scofield's ward was identical; he could not represent one without representing the other. Not a pleading is signed by Smoot as

attorney for any of them, but the record throughout shows he appeared for all, without an exception, and acknowledged service of notice of writ of error having been sued out as attorney of record for all, and he does not now deny that Guardian Scofield entrusted and turned over cause wholly to him, and the record shows he did, and signed acknowledgment of service of notice of suing out writ for him, as attorney of record, which was received and accepted in good faith, knowing he had been so acting and appearing at all times.

GRAVES, J.—Action to declare a resulting trust, as distinguished from an express trust. There is no writing indicating a trust. The plaintiff claims interest to the extent of one-half of the lands involved. In 1908 some eight parties, of whom the plaintiff and Joel Ewing (now deceased) were two of such eight parties, bought some land. They first bought with the view of making a "fish pond," but afterward abandoned that idea, and added some additional lands and made a farm thereof. The whole purchase price was borrowed from one Thomas Evans, and the eight signed a note for $2353.72, which was signed by all eight of the parties. By consent of the eight the land was conveyed to one J. C. Kinney, one of their number. Afterward J. C. Kinney conveyed his paper title to Joel Ewing. There seems to be but little controversy as to the status of the first understanding. There is much controversy as to the conveyance to Ewing. Those who claim under Ewing say that Ewing took the conveyance from Kinney on the theory that he was to pay off the indebtedness to Evans (which covered the whole purchase price) and was to have the land as his own. That such was done by consent of all parties. Plaintiff claims that he was to be a full participant in this deal, and was to have a half interest. At this point we have the conflict. Those claiming under Ewing claim that he paid the note to Evans, and by the Kinney deed became owner in fee, and took possession as such, and so remained in possession under claim of ownership until his death. The widow of Ewing and some minors filed answers. The widow disclaimed knowledge of the

exact rights of plaintiff, and asked the court to determine them. The minors denied plaintiff's claim. One of these was represented by a guardian *ad litem,* who filed the usual answer. Upon this hangs a further point. The case is here upon writ of error, rather than appeal. It is claimed that there was no notice of our writ of error to the widow, or to this minor. The other side claims that as to the widow she had conveyed to plaintiff prior to the writ, and did not require notice. As to the minor, represented by a guardian *ad litem,* there is naught said. This will suffice to state the case. The motion to dismiss the writ of error is with the case. Upon trial, *nisi,* the court dismissed plaintiff's petition, and entered judgment for defendants. From such judgment lies this appeal.

I.   There is no formal motion to dismiss this writ of error for failure to serve notice on Nancy Alice Roth-

Notice.   rock, a minor defendant in error. Tucked away in the brief, however, we find the following under "Points and Authorities":

"A writ of error is not a continuance of the original action, but a new action, and notice of the suing out of the writ must be served on all of the adverse parties or their attorney of record. Fidelity Trust Co. v. Mexico, S. F. & P. Traction Co., 270 Mo. 487; Sec. 1502, R. S. 1919."

What defendants in error say as to service of notice, supra, is true. All parties made defendants in error should be served with notice, but the statute cited, supra, makes service upon the attorney of record, good service. Running through the record we find that the court appointed E. Schofield, as guardian *ad litem* for the minor, Nancy Alice Rothrock. He filed the usual answer. Notice of the writ was prepared and H. V. Smoot, attorney of record for other defendants in error, except Mrs. Owen, signed a waiver of service, signed his name, "H. V. Smoot, attorney for defendants." It is also made to appear that Mrs. Ewing had (before the suing out

of the writ) conveyed all her interest to the plaintiff, and therefore had no interest as a defendant, and of course not a necessary party as a defendant in error. Mr. Smoot signed waiver of service for all defendants. His right to so sign will be presumed, absent a showing to the contrary. The guardian *ad litem* could employ him as counsel for the minor, and in such capacity service upon him, as attorney of record, would under the statute (R. S. 1919, sec. 1502) be good. Note the service must be upon an "attorney of record." So, although the guardian *ad litem* might have employed Smoot to represent both him and his minor ward, yet the record before us does not so show. The record shows that Helen Ewing answered in person. That the minor, Nancy Alice Rothrock, by her guardian *ad litem,* thus answered:

"Now comes E. Schofield, attorney at law, who having been heretofore appointed guardian *ad litem* for Nancy Alice Rothrock, a minor, and for answer says that he has no knowledge or information sufficient to form a belief as to the rights of the parties to this suit and asks the court to require strict proof of the allegation of plaintiff's petition.

"E. SCHOFIELD."

The record does not show who signed (as counsel) for the other defendants, and their curator, in one answer. We find blanks in each instance. Thus as to defendant, Lena Pool, the answer closes thus: "————————, Attorney for Defendant, Lena Pool." All other answers are in similar form. No name of the attorney appears in the printed record. Under these facts the presumption of Smoot's right to sign as an attorney of record for the guardian *ad litem,* or his minor ward, is overcome by the record facts. The record fails to show him to be an attorney of record for either the minor or her guardian *ad litem.* Neither she nor her guardian *ad litem* are before this court. Even the filing of a brief on the merits, along with one on a motion to dismiss,

does not amount to a waiver. [Kenner v. Doe Run Lead Co., 141 Mo. 248; Guy v. Mayes, 141 Mo. l. c. 443.]

We are dealing with a minor, and the rights of a minor, and should strictly compel a compliance with the law. The suggestion, or motion, because it amounts to a motion to dismiss, should be sustained, and the writ of error dismissed, and it is so ordered. This is the only step that can be taken. [*Vide* cases, supra, and Garth v. Motter, 248 Mo. 477.]

II. We are fully reconciled to this disposition of the case, because a casual glance at the record has not impressed us with the idea of there being error in the trial *nisi*.

Writ of error dismissed, for the reasons assigned, supra. All concur.