Franciscus vs. Martin.

---

FRANCISCUS vs. MARTIN.

1. A court has power to take cognizance of a motion for a rule against a party to show cause why a judgment of the court obtained by him, should not be set aside.

APPEAL from St. Louis Court of Common Pleas.

Scott, J., delivered the opinion of the court.

This was a proceeding, on a motion and rule, made on the appellee, Martin, to show cause why a judgment obtained by him in the St. Louis court of common pleas, and the proceedings thereon, should not be set aside, for reasons filed.    The order of the court disposing of this proceeding, is in these words: "And forasmuch as the court cannot take cognizance of the rule herein, it is ordered that the said rule be discharged, and the motion therefor be dismissed out of court."    We are rather inclined to the opinion, this is a proper case for a mandamus, but as the appellee is not disposed to press this objection, and is anxious to expedite the cause, the judgment will be reversed.    It may be remarked that the authority and duty of a court to entertain motions of the character of that involved in this cause, are unquestionable.    Courts should not refuse to hear such motions, because they may be of opinion they ought not to be granted.    They should hear them on the merits, and enter a judgment or order on them, that the party may have a writ of error, or appeal, and not be compelled to resort to the tedious and slow process of a mandamus, which is necessary, in cases where a

court refuses to act.   Astor vs. Chambers, 1 Mo. Rep. 135, Miller & Irvine vs. Richardson, Ibid 221.   Until a point is decided by the court below, this court has no authority to determine it.   It was not decided by the court of common pleas, whether if the facts stated were true, it was proper to set aside the judgment and proceedings thereon.   As this is a new question and of some importance, and it has not been argued, and as the authorities on the subject are not at hand, we will not undertake now to determine it.

Judgment reversed.