## *Ex Parte* SKAGGS.

1. No appeal lies from the refusal of an application for a mandamus.

### *Appeal from Clay Circuit Court.*

Application for a mandamus to the clerk of the county court requiring him to issue to the petitioner a certificate of his election as sheriff of Clay county. The petition stated that an election of sheriff was held in August, 1852, at which the petitioner, and Samuel Hadley, who was constitutionally ineligible, were the only candidates; that the number of votes polled was 1217, of which 778 were illegally cast for said Hadley, and 439 were legally cast for the petitioner. The Circuit Court refused to issue a mandamus, and gave judgment for costs, and the petitioner appeared before the clerk in vacation and appealed to this court.

*Hayden*, for appellant, insisted that this court has appellate jurisdiction. The judgment was a final one, not only denying the plaintiff the enjoyment of the office of sheriff, with its emoluments, but taxing him with the costs of his application.

GAMBLE, Judge, delivered the opinion of the court.

Skaggs applied to the Circuit Court of Clay county, for a mandamus to the clerk of the county court, requiring him to issue to Skaggs a certificate of his election as sheriff of that county. The Circuit Court refused to issue the mandamus, and Skaggs appeared before the clerk of the Circuit Court, and prayed an appeal to this court.

1. When a mandamus issues and is returned, the person obtaining the writ may require the judgment of the court upon the sufficiency of the return, or he may, under our statute, traverse the return, and thus produce an issue of fact. When the Circuit Court pronounces its judgment upon the questions of law and fact arising upon the return, and awards or refuses

a peremptory mandamus, there is a judgment between parties which may be reviewed here, either upon an appeal or writ of error. But neither an appeal nor writ of error lies to the refusal of a circuit court to issue a mandamus upon the application of a petitioner. This was settled in *Shrever et al.* v. *Livingston County*, 9 Mo. Rep. 196.

The appeal of Skaggs will be dismissed, with the concurrence of the other judges.