Frank Menown, Plaintiff in Error, *v.* Dugald Crawford, Defendant in Error.

July 5, 1881.

After an assignment by the corporation for the benefit of its creditors, a motion under the statute cannot be maintained by a creditor against a stockholder.

ERROR to the St. Louis Circuit Court, WICKHAM, J.
*Affirmed.*

E. PEACOCK and JOHN D. POPE, for the plaintiff in error.
M. KINEALY, for the defendant in error.

THOMPSON, J., delivered the opinion of the court.

This is a proceeding by motion under the statute against the defendant as a stockholder of the Wardwell Manufacturing Company; and the question which we have to consider will have to turn upon the ruling just made in another case against a stockholder of the same company. *Franklin* v. *Menown, ante,* p. 570. The principles there laid down, following the recent decision of this court in *Lionberger* v. *Broadway Savings Bank, ante,* p. 499, will prevent the plaintiff from maintaining this motion. By the assignment made by the corporation on December 4, 1878, to Baepler, the right to collect unpaid stock subscriptions was vested in the assignee, and no creditor whose proceeding against a stockholder had not been instituted at the date of the assignment, is entitled so to proceed, unless the assignee disclaims this part of the trust and refuses to proceed — a case which we will not consider until it comes before us. We may add, by way of comment, that this motion seems to us also to afford a strong illustration of the wisdom of the rule laid down by this court in the case of *Lionberger* v. *Broadway Savings Bank, supra;* for this proceeding seems to us nothing more than a case in which Hugh Menown, a director and a large stockholder in the Wardwell Manufacturing Company, has assigned a debt due to him by the corporation, to his son-in-law and cousin, Frank Menown, without consideration, and for the purpose of collecting the debt from another director and stockholder. It seems in this respect to stand upon substantially the same footing with the case of *Franklin* v. *Menown, supra.* In both cases the real parties in interest, being directors and stockholders, have transferred their claims against the corporation to fic-

titious plaintiffs for the purpose of making them out of other stockholders. The decision in *Lionberger* v. *Broadway Savings Bank* is justified by the fact that it will prevent proceedings, of this kind, and that it will place the members of a corporation upon an equal footing as respects their social rights and liabilities. The assignee must compel each to pay what he owes to the corporation as a shareholder so far as necessary to liquidate the corporate debts, and each may prove up his demand against the corporation and take his dividend like any other creditor. These repeated actions and cross-actions, conducted in the name of fictitious plaintiffs, by and against members of the same corporation, will be prevented, and equal justice will be done to all in a complete collection and ratable distribution of the corporate assets by the assignee.

The judgment of the Circuit Court in this case was in favor of the defendant. It is affirmed. All the judges concur.