CAROLINE BASTAN, Appellant, v. BOARD OF TRUSTEES OF THE FIREMAN'S FUND, Respondent.

### St. Louis Court of Appeals, March 4, 1901.

1. **Practice, Appellate:** MANDAMUS ALTERNATIVE WRIT. No appeal lies in this State from a judgment denying an alternative writ.

2. ———: ———: PEREMPTORY WRIT. An appeal lies from a judgment awarding or refusing a peremptory mandamus.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferris,* Judge.

DISMISSED.

*Bass & Brock* for appellant.

Was the denial by the court, of the petition for the writ, a final judgment from which an appeal may be taken to this court? Under the English authorities it appears that an appeal will not lie in such a case, but the rule in this country is contra to the English rule and by the weight of authorities the courts of the United States have held that an order of the court refusing to issue the writ is a final order in the nature of a final judgment, from which an appeal or writ of error will lie. In Morris, Ex parte, 11 Grat. 294, the court said in passing upon this question: "I think there can be no question as to the power of this court (to review the action of the lower court) in refusing to award a mandamus upon an appeal from or writ of error, or supersedeas to the order refusing the same. The order is final." Other courts have so held, including so high an authority as the Supreme Court of the United States. See Ex parte De Groot, 6 Wall. 497; Brashear v. Mason, 6 How. 92; The United States v. Guthrie, 58 U. S. Rep. 284; Kendall v. The United States, 12 Pet. 497; Ex parte, Condee, 48 Ala. 386.

*B. Schnurmacher amicus curiae.*

I submit that this court has no jurisdiction, for the reason that no final judgment having been entered in the court below no right of appeal existed, and this cause, therefore, is not properly before this court. Whatever conflict of opinion there may be in the various jurisdictions as to the right of a party to appeal in a mandamus case from a mere denial of an alternative writ upon the presentation of the petition, the matter is settled against that right in Missouri. The question arose in this State as early as 1845 in the case of Shrever v. Livingston

Co., 9 Mo. 196, wherein a petition was presented by Shrever and others, who had been appointed commissioners to survey and mark out a State road, for a mandamus upon the county court of Livingston county to audit and allow their account for the services which they had rendered. Upon presentation of the petition the circuit court refused to grant them the writ, and thereupon, the petitioners appealed to the Supreme Court. The Supreme Court dismissed their appeal, saying: "This is not a case for an appeal or a writ of error. The People on the relation of Dikeman & Martin v. The President and Trustees of Brooklyn, 13 Wendell, 130. In cases of this kind, when an application is made for a mandamus, a writ should go, although the court may think the party is not entitled to the relief he seeks; and when an answer is made and a demurrer is put into it, the propriety of the proceeding is determined by the court below, and its judgment thereon may be reversed by this court. There is no final judgment here within the meaning of the statute allowing appeals and writs of error. Appeal dismissed." Ex parte Skaggs, 19 Mo. 339.

GOODE, J.—This is an appeal from an order of the circuit court denying the appellant's application for an alternative writ of mandamus against the respondents to compel them to direct the payment to her of a sum of money alleged to be due and owing to her from the Firemen's Fund as the widow of Matthew Buchanan, a deceased fireman. An appeal lies from a judgment awarding and refusing a peremptory mandamus. Lewis v. Price, 11 Mo. 398; State ex rel. v. Horner, 10 Mo. App. 307. The law in this State is that it will not lie from a judgment denying an alternative writ. Shrever v. Livingston, 9 Mo. 196; Ex parte Skaggs, 19 Mo. 339; State ex rel. v. Bowerman, 40 Mo. App. 576.

Persuasive authorities from other jurisdictions are cited

announcing a different rule, but we are bound by what has been decided by the tribunal whose rulings we must follow. The appeal is dismissed. All concur.