CITY OF ST. LOUIS, Plaintiff in Error, v. BUTLER et al.

### Division One, February 22, 1907.

**WRIT OF ERROR: Wrong Title: Dismissal.** An application for a writ of error to issue "in a certain cause lately pending in the St. Louis Court of Criminal Correction wherein the city of St. Louis was plaintiff and the Empire Theatre Company was defendant," and a writ issued in strict conformance with the terms of the application, are not sufficient to transfer to the appellate court a case entitled, "City of St. Louis vs. Edwards Butler and Empire Circuit Company, a corporation." A writ of error, unlike an appeal, which is a continuation of the old action, is considered a new action, and the two titles above set out indicating two different causes of action, the writ must be dismissed.

Error to St. Louis Court of Criminal Correction.— *Hon. E. M. Hughes*, Special Judge.

WRIT DISMISSED.

*Charles W. Bates* and *Benjamin H. Charles* for plaintiff in error.

*Louis A. Steber* and *Henry M. Walsh* for defendants in error.

GRAVES, J.—A cause entitled, The City of St. Louis vs. Edward Butler and Empire Circuit Company, a corporation, originated in the First District Police Court of the city of St. Louis, by statement or information in language, as follows:

"Edward Butler and
    Empire Circuit Company,
        a corporation,        To the City of St. Louis, Dr.
"To five hundred dollars for the violation of an ordinance of said city, entitled, 'An Ordinance in revision of the General Ordinances of the City of St. Louis,' being ordinance number 19991, section 1157, as amended by ordinance number 20529, approved December 11, 1901, and section 1184, approved April 3, 1900.

"In this to-wit: In the city of St. Louis, and State of Missouri, on the 1st day of August, 1902, and on divers other days and times prior thereto, the said Edward Butler and Empire Circuit Company, a corporation, did then and there at and in front of premises at N. E. Cor. Seventh and Walnut streets maintain, set up and cause to be set up a certain sign, sign box and other fixture, to-wit, a sign extending over and upon a public sidewalk more than eighteen inches from the building line and inside of said sidewalk.

"Contrary to the ordinance in such case made and provided.

"On information of Chief of Police.
                "P. P. TAYLOR,
                "City Attorney of the City
                        of St. Louis."

Upon application of defendant, Edward Butler, change of venue was taken to the police court for the district south of Arsenal street. Later, after the change of venue, and on the same day, defendants filed both a lengthy demurrer and answer, each of which raises practically the same defenses. It is unnecessary to set them out in detail, but such portions of them as

may be necessary, if necessary at all, will be noted in the course of our remarks.

It appears that trial was had in this cause in the police court, where upon hearing the evidence the defendants were discharged. The plaintiff thereupon took an appeal to the St. Louis Court of Criminal Correction, where later a trial was had before Hon. E. M. Hughes, then a circuit judge of the Eleventh Judicial Circuit, which likewise resulted in a discharge of defendants. Motion for new trial being overruled, the plaintiff, in the time allowed by the court, filed its bill of exceptions. The trial last mentioned was had May 25, 1903, and bill of exceptions filed June 4, 1903, within the ten days allowed by the court for filing the same.

On November 10, 1903, the plaintiff sued out a writ of error in this court directed to the Court of Criminal Correction of the city of St. Louis, which said writ directed the court to send up a perfect transcript of the record "in a certain cause lately pending in the St. Louis Court of Criminal Correction wherein city of St. Louis was plaintiff and the Empire Theatre Company was defendant." This writ was issued in strict accordance with the terms of the application made for the writ, now on file in the clerk's office. April 1, 1904, return to the writ was made, and filed in this court April 26, 1904. The record returned is one in a case entitled, "City of St. Louis v. Edward Butler and Empire Circuit Company, a corporation." No record was called for in a case of the "City of St. Louis against Edward Butler and Empire Circuit Company, a corporation." The writ of error sued out by plaintiff in error called for a record in a case of "City of St. Louis v. Empire Theatre Company." Edward Butler was left out of the writ, and in nowise mentioned. Instead of "Empire Circuit Company, a corporation," we have "Empire Theatre Company," which may be a co-partnership or corporation.

From the above it appears from the return that we have no such record here as was called for by the writ of error issued by this court. These cases are denominated civil, or at most quasi-criminal, but we know of no law which will authorize this court to issue a writ of error in one case and try another. The entire record returned here is in a case entitled, "City of St. Louis v. Edward Butler and Empire Circuit Company, a corporation."

The writ sued out by plaintiff was in the case of "City of St. Louis v. Empire Theatre Company." Can we say the two mentioned cases are the same? Had the writ of error said, "Edward Butler et al.," it would have been different. Upon the face of the record here we issue a writ of error in one case, and the record in another is returned and submitted to us. What can we do with it? Writs of error are different from appeals. An appeal is the continuation of an old action. "A writ of error, however, is considered a new action and that it is a new action has been repeatedly and often held by many courts." [Macklin v. Allenberg, 100 Mo. l. c. 343, and cases cited.] So that we have a new case here styled one way, and the record of the case from the court below styled another way, and the case submitted to us for determination. That the two titles above set out would indicate two different causes goes without question. Shall we have one case submitted to us and then try and determine another, the record of which the plaintiff by its writ of error never asked to be brought here? We think not. It thus appears that there is no record here in the cause mentioned in the writ of error, and for that reason said writ should be dismissed. It is so ordered.

All concur.