MILLS & ARNOLD LUMBER COMPANY, DEFENDANT IN ERROR, PAUL D. HIGBEE, GARNISHEE, v. L. B. TANNER and BARBARA TANNER, PLAINTIFFS IN ERROR.

Kansas City Court of Appeals.    May 4, 1925.

1.—Appeal and Error—Petition for Writ of Error is Institution of New Suit and Must Describe Judgment in Rendition of Which Error Was Committed. A petition for a writ of error is the institution of a new suit and must describe the judgment in the rendition of which it is alleged the error complained of was committed.

2.—Same—Though Writ of Error is Writ of Right, Proper Petition Therefor is Essential. Though a writ of error is a writ of right, that right differs in no respect from the absolute right to bring an action under code of civil procedure which can only be done by proper petition.

3.—Same—Where Application and Writ of Error Were Fatally Defective on Their Face, an Attempted Amendment Thereof Not Timely Made as Required by Rule 15, Motion to Quash Writ Must be Sustained. Where writ of error and application therefor recited that judgment complained of was a judgment against defendants and in favor of plaintiff in trial court for sum of $1500 on claim for homestead exemption, when in fact judgment rendered was one denying defendant's claim of $1500 homestead exemption, the same could not be amended after motion to quash and service of briefs pointing out errors, the attempted amendment not being timely made as required by amendment to court rule 15.

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, p. 303, n. 45; p. 304, n. 53; p. 1082, n. 30; p. 1087, n. 72; p. 1090, n. 8; p. 1215, n. 84.

Error to Circuit Court of Adair County.—Hon. J. A. Cooley, Judge.

On motion by plaintiffs to quash writ of error, motion sustained.

*P. M. Marr* for plaintiffs in error.

*Higbee & Mills* and *M. D. Campbell* for defendant in error.

ARNOLD, J.—This controversy is before us on a writ of error to the circuit court of Adair county and the question of the sufficiency of the writ stands at the threshold of its consideration. The writ is as follows, omitting the attestation which is regular.

"The State of Missouri, SS:

"The State of Missouri, To the Judge of the First Judicial Circuit in said State, Greeting: Whereas, in the record and proceedings in a certain cause lately pending in the Adair Circuit Court wherein The Mills & Arnold Lumber Company was plaintiff and L. B. Tanner and Barbara Tanner were defendants, Paul D. Higbee, Garnishee, in a civil action, manifest error hath intervened to the great damage of the said L. B. Tanner and Barbara Tanner as by their complain, we are informed.

"Now, We being willing that the error, if any there be, should be corrected, and full and speedy justice done to the parties aforesaid, in that behalf command you, that you send to us, certified under your seal, the record and proceedings in the cause aforesaid, as fully as the same remain of record before you in said court, so that we may have them before us at our Kansas City Court of Appeals, to be begun and held at the City of Kansas, in the County of Jackson, in said State, on the first Monday in October next, so that our Judges of our Kansas City Court of Appeals, on inspecting the record and proceedings aforesaid, may cause to be further done therein, for correcting the error, what of right and according to law ought to be done, and have you then and there this writ."

The transcript which constitutes the return to this writ is entitled:

Mills & Arnold Lumber Co., Plaintiff,

#16696          v.

Judgment on motion to allow exemption of B. Tanner.

L. B. Tanner and Barbara Tanner, Defendants.

The facts leading up to the controversy are as follows:

In June, 1921, L. B. Tanner and Barbara Tanner, husband and wife, owned as an estate in the entirety a farm of ninety-four acres

near Kirksville, Adair county, Missouri, upon which they lived. It appears from appellant's abstract that in June, 1921, suit was instituted against plaintiffs in error on five promissory notes executed by Tanner and his wife on an account for lumber used in the construction of a dwelling house on the said farm. It also appears from said abstract that in the spring of 1921, the Tanners agreed to a separation and on June 20, 1921, they executed a warranty deed to the farm, including therein all of their personal property, to Ira Linder and Mattie Linder, the consideration named therein being $16,500. At the time of the execution of this deed there was a first deed of trust against the land for $5,000, and a second for $1,000, held by the Bank of Kirksville, in which Paul D. Higbee was named as trustee.

On June 22, 1921, the Mills & Arnold Lumber Co. instituted a suit against the Tanners upon an open account for lumber, in the sum of $4217.70. Joined with this were four counts based upon four promissory notes, aggregating $3,000, which the Tanners had previously executed to the National Bank of Kirksville, and which were assigned to the Mills & Arnold Lumber Company on June 22, 1921. At the time the suit was filed, defendants in error attached the ninety-four acres of land and all the personal property of the Tanners, the writ and summons being made returnable at the October (1921) term of the court.

On August 4, 1921, Linder and his wife, by warranty deed, reconveyed to Tanner and wife the said land and personal property, the consideration named therein being $16,500.

In the meantime the note for $1,000 secured by the second deed of trust, held by the Bank of Kirksville, was ordered foreclosed. At the foreclosure sale on August 5, 1921, the farm was purchased by P. C. Mills of Kirksville for $9300 plus the interest due on the first deed of trust of $5,000. The sum for which the land was sold was approximately $3300 in excess of the two deeds of trust.

On the day of the foreclosure sale, L. B. Tanner served upon P. C. Mills and Paul D. Higbee, trustee, a written claim and demand for homestead exemption in the sum of $1500. These demands were refused. After the foreclosure sale, the surplus of $3300 in the hands of Higbee, trustee, was garnished by the Mills & Arnold Lumber Co. On application of defendants in error and pursuant to an order of the court granted September 1, 1921, the personal property was sold at public auction for approximately the sum of $900.

Pleas in abatement to the attachment were filed by plaintiffs in error, setting up and claiming the personal property and homestead exemptions, and on February 6, 1922, the issues thereon were tried to a jury, the court directing a verdict in favor of defendant in error, the Mills & Arnold Lumber Co., and a judgment sustaining

the attachment was rendered. Motion for new trial was duly filed and one year later, February 2, 1923, was overruled. On the same day plaintiffs in error filed separate replies to the answer of Paul D. Higbee, garnishee, claiming the homestead exemption out of the funds in his hands. Also, on February 2, 1923, L. B. Tanner filed separate claim for personal exemption of $3,000, and on the same day defendant in error was given judgment for the sum of $7650.-98. This case was not appealed.

The question of exemption was heard by the court on April 13 and 14, 1923, and judgment was rendered June 30, 1923, wherein a personal exemption of $300 was allowed L. B. Tanner out of the personal property attached and sold, but the claim for homestead exemption of $1500 was denied.

A motion for new trial on the court's ruling denying the homestead exemption was overruled. The writ of error was thereupon issued out of this court. The only error therein charged is against the judgment of the court in denying plaintiffs in error the homestead exemption out of the sum of $3300 in the hands of Paul D. Higbee, garnishee.

As stated above, defendants in error have moved that the writ be quashed, and for grounds of the motion say, *first*, that in the application for the writ it is recited that on the 30th day of June, 1923, a judgment was rendered against the plaintiffs in error by the circuit court of Adair county, Missouri, in favor of said Mills & Arnold Lumber Company for the sum of $1500, on a claim for homestead exemption for said sum out of the proceeds of the sale of the real estate in the hands of Paul D. Higbee; that said statement, so made in the application for the writ of error is erroneous and incorrect, as shown by the printed record, in this, that in truth and in fact no judgment for any amount whatsoever was rendered against either of the plaintiffs in error in favor of the Mills & Arnold Lumber Co., that, on the contrary, the only judgment which purports to have been rendered is one denying the claim of $1500 homestead exemption and not a judgment against either of the plaintiffs in error in any sum whatever; *second,* because Paul D. Higbee, garnishee, is not made a party defendant, and *third,* because each of the plaintiffs in error made separate claim for $1500 homestead exemption, as shown by the record, the same being antagonistic, and joined in the application for the writ. In support of this position, it is urged that a petition for a writ of error is the institution of a new suit and must describe the judgment in the rendition of which it is alleged the error complained of was committed

This is a correct statement of the law as declared by the Supreme Court in Fidelity Trust Co. v. Traction Co., 194 S. W. 52, 54, where

it is said: "It is the settled doctrine of this court that a writ of error is not, like an appeal, to be considered as a continuation of the original action, but as a new action which must contain on its face, the evidence of the right of the plaintiff to a review. [St. Louis v. Butler, 201 Mo. 396, 99 S. W. 1092.]"

It is also true that although a writ of error is a writ of right, that right differs in no respect from the absolute right to bring an action under the Code of Civil Procedure, which can only be done by petition specifying, among other things, the names of the parties to the action, plaintiffs and defendants. In the Trust Company case, supra, at page 54, the court said: "So in this proceeding the plaintiff must be equally explicit as to the identity of the judgment he attacks and those against whom he seeks the remedy."

That the application and writ are fatally defective in the respect charged in the motion to quash is tacitly admitted by plaintiffs in error, in that after the defect therein was called to the attention of this court in the motion and brief of defendants in error, an attempt was made by motion on March 6, 1925, to correct said errors by the insertion of certain words, as follows: "That after the words 'in a civil action' in said writ of error, and before the words 'manifest error' the following be inserted: 'in which judgment was rendered against the said L. B. Tanner and Barbara Tanner by the circuit court of Adair county, Missouri, at the May term thereof, on the 30th day of June, 1923, in favor of the Mills & Arnold Lumber Company on a claim made by the said L. B. Tanner and Barbara Tanner for the allowance of $1500 as homestead exemption out of the proceeds of the sale of certain real estate garnisheed in the hands of the said Paul D. Higbee, in which,' " etc.

The case was docketed and arguments heard by this court on March 2, 1925. An examination of the application and writ shows that the latter correctly follows the former. Rule 5 of this court is that "no suggestion of diminution of record in civil cases will be entertained by the court after joinder in error, except by consent of parties." The Supreme Court has a similar rule. [See Reno v. Fitz Jarrell, 163 Mo. 411.] It is the well-established rule in this State that a faulty or defective abstract cannot be corrected by an appellant after submission of the case or after suggestion of defect by opposite party if time for filing abstract has passed. [Hopper v. Fulbright, 160 S. W. 840; Scott v. Railway Co., 154 S. W. 862.] In the case at bar the errors complained of were included in the brief of defendants in error, served in writing upon plaintiffs in error on February 14, 1925, and filed in this court February 25, 1925, thus complying with the amendment to Rule 15 of our court.

It therefore affirmatively appears that the attempted amendment of the application and writ was not timely made; and the application and writ being fatally defective on their face, it follows that the motion of defendant in error to quash the writ must be sustained, and it is so ordered. *Bland, J.,* concurs; *Trimble, P. J.,* absent.

