## American Rolling Mill Co. v. Adkins et al.
### June 16, 1939.

Watt M. Prichard, Judge.

Caldwell & Gray for appellant.

Woods, Stewart & Nickell for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

This is an appeal from a judgment of the Boyd circuit court refusing appellant's petition for review and to set aside an award entered by the Workmen's Compensation Board. In his application appellee claimed total permanent disability by reason of inhaling gas while working at a pickler in appellant's plant in Ashland, Kentucky. It is appellee's contention that this pickler gave off noxious gas which affected his lungs and caused him to develop tuberculosis.

The record discloses appellee suffered no traumatic injury and that his disability is not shown to be the direct result of inhaling gas but that he is suffering from a germ disease. The evidence of the medical experts appellee introduced is to the effect that the irritation and inflammation of the tissue of appellee's lungs, and of the mucous membrane of his nose and mouth were caused by the inhalation of this gas and made the ground fertile for the turbercle-bacilli; but these doctors testified they could not say the inhalation of this gas caused appellee's tubercular condition.

This is a companion case to American Rolling Mill Company v. Ira Pack et al., decided March 10, 1939, reported in 278 Ky. 175, 128 S. W. (2d) 187. There is no

material difference in the facts in the two cases and the issues are the same. In the Pack case the evidence of the medical experts was that inhalation of gas from the pickler fertilized the ground for the tubercle-bacilli. As the doctors testified they could not say the gas caused Pack's tubercular condition, we held there was no evidence of relevant consequence having the fitness to induce conviction connecting Pack's tubercular condition with the inhalation of the gas, therefore, Pack's tubercular condition was not compensable.

On the authority of the Pack case, this judgment is reversed with directions to the circuit court to enter a judgment sustaining appellant's petition for review and to set aside the award of the Board.