JUSTIN D. BOWERSOCK, ROBERT B. FIZZELL AND JOHN F. RHODES, DOING BUSINESS UNDER THE STYLE AND FIRM NAME OF BOWERSOCK, FIZZELL AND RHODES, ATTORNEYS AT LAW, PLAINTIFFS IN ERROR, v. MISSOURI VALLEY DRAINAGE DISTRICT OF HOLT COUNTY, MISSOURI, A MUNICIPAL CORPORATION, CHARLES E. SENTNEY, FRANK WALTER, A. B. CATON, GEORGE H. ALLABAC AND HARRY MORRIS, SUPERVISORS, CONSTITUTING THE BOARD OF SUPERVISORS OF SAID DISTRICT, AND KATE GREEN, TREASURER OF HOLT COUNTY, MISSOURI, AND FRED COTTIER, COLLECTOR OF HOLT COUNTY, MISSOURI, DEFENDANTS IN ERROR.—168 S. W. (2d) 479.

Kansas City Court of Appeals. December 7, 1942.

*Milligan & Kimberly* for plaintiffs in error.

*Culver, Phillip, Kaufmann & Smith* for defendants in error and intervenors on the record.

SPERRY, C.—Plaintiffs in error filed in this court an application for a writ of error, said application being in the following form:

"In the Kansas City Court of Appeals, Justin D. Bowersock, Robert B. Fizzell and John F. Rhodes, doing business under the style and firm name of Bowersock, Fizzell and Rhodes, attorneys at law, Plaintiffs in Error v. Missouri Valley Drainage District of Holt County, Missouri, a municipal corporation; Charles E. Sentney, Frank Walker, A. B. Caton, George H. Allabac and Harry Morris, Supervisors, constituting the Board of Supervisors of said District, and Kate Green, Treasurer of Holt County, Missouri, and Fred Cottier, Collector of Holt County, Missouri, Defendants in Error, No. 19824.

"Petition for Writ of Error.

"To the Honorable Kansas City Court of Appeals:

"Come now the above named Justin D. Bowersock, Robert B. Fizzell, and John F. Rhodes and state and show that on the 5th day of June, 1939, and at the regular May term, 1939, of the Circuit Court of Daviess County, Missouri, the trial of the cause in which the above named Justin D. Bowersock, Robert B. Fizzell and John F. Rhodes, plaintiffs in error, were plaintiffs and the above named Missouri Valley Drainage District of Holt County, Missouri, Charles E. Sentney, Frank Walker, A. B. Caton, George H. Allabac, Harry Morris, Kate Green and Fred Cottier, defendants in error, were defendants, being numbered 7468 in said Circuit Court of Daviess County, Missouri, was begun before the Judge of said Circuit Court of Daviess County, Missouri, a jury having been waived, and on the 30th day of June, 1939, and during the May, 1939, term of said Circuit Court, the said Court made a finding and returned a judgment against the above named Justin D. Bowersock, Robert B. Fizzell and John F. Rhodes, plaintiffs in error;. that thereafter and within

the time provided by law and on June 30th, 1939, plaintiffs filed their motion for new trial, which motion was overruled by the Court on the 30th day of June, 1939, and during the May term, 1939, of said Circuit Court and from which day the judgment became final against said plaintiffs, in which said judgment and the proceedings in said cause manifest error appears to the prejudice of said Justin D. Bowersock, Robert B. Fizzell and John F. Rhodes, and said Justin D. Bowersock, Robert B. Fizzell and John F. Rhodes say that the amount in dispute in said cause, exclusive of interests and costs, does not exceed the sum of Fifty-Five Hundred ($5500.00) Dollars.

''WHEREFORE, said Justin D. Bowersock, Robert B. Fizzell and John F. Rhodes pray that a writ of error may issue from this Court directed to the said Circuit Court of Daviess County, Missouri, ordering and directing that a transcript of all of the proceedings of said cause may be transmitted to this Court in order that the same may be reviewed by this Court and the errors in the proceedings and judgment therein may be corrected.''

Thereafter, on June 11, 1940, we issued our writ, which was returnable to the October, 1940, Term of this court. The cause was continued from time to time by stipulation between the parties, and was eventually docketed for the term beginning October 8, 1942.

Defendants in error, on October 3, 1942, filed their motion to dismiss said writ, accompanied by their brief and argument in support of said motion. They had previously, on October 1, served notice thereof on plaintiffs in error. They have filed no brief on the merits of the cause.

Defendants in error also filed, on October 3, 1942, an ''Additional Abstract of Record.'' One of the grounds for dismissal that is urged in the motion is based on facts disclosed in the additional abstract of the record so filed. Such additional abstract of the record cannot be considered, under our rule 15, because a copy thereof was not served on plaintiffs in error eight days before date of argument. See our rule 15. We shall, therefore, not consider the additional abstract of the record filed by defendants in error, nor that portion of the motion to dismiss the writ of error which rests for determination on facts disclosed in said additional abstract of the record.

Defendants in error urge dismissal because:

''The petition for the writ does not identify or describe the parties to the suit in which the judgment which plaintiffs in error seek to set aside was rendered nor the judgment rendered or show that it is a final judgment.''

It will be noted that two grounds for dismissal are urged under the one general heading above set out, to-wit:

(a) The petition does not properly describe the parties plaintiff and defendant in their respective capacity (in which capacity they were sued in the case wherein the judgment which is the object of

review was rendered) and (b), it does not properly describe the judgment so that it can be determined, on the face of the petition, that said judgment is a *final* judgment such as will support the issuance of a writ of error.

In the view we take of this case it is not considered necessary to discuss the contention made under subparagraph (a) above. We will, therefore, address our opinion exclusively to the proposition stated in subparagraph (b).

It is the settled law that while an appeal from the judgment of a lower court is merely a continuation of the original lawsuit a writ of error is a new action and must contain, on its face, the evidence of the right of the plaintiff in error to the review. [Trust Company v. Traction Company, 270 Mo. 487, l. c. 494; St. Louis v. Butler, 201 Mo. 396, l. c. 399; Spotts v. Spotts, 331 Mo. 917, l. c. 925.] A writ of error requires a final judgment to support it. [Pittsburg Plate Glass Company v. Peper, 96 Mo. App. 595, l. c. 597.] "Although it is a writ of right, that right differs in no respect from the absolute right to bring an action under the Code of Civil Procedure, *which can only be done by petition* specifying, among other things, the names of the parties to the action, plaintiffs and defendants. . . . So in this proceeding the plaintiff must be equally explicit as to the *identity of the judgment* he attacks and those against whom he seeks the remedy." (Italics ours.) [Trust Company v. Traction Company, *supra*, l. c. 494.]

This court, in Mills & Arnold Lumber Company v. Tanner, 220 Mo. App. 995, l. c. 998, considered the case of Trust Company v. Traction Company, *supra*, and concluded that it held that "A petition for a writ of error is the institution of a new suit and must describe the judgment in the rendition of which it is alleged the error complained of was committed." We think that is the only logical view to take of the matter. In a petition in an ordinary lawsuit the pleader must state facts sufficient to constitute his cause of action. "Facts, and not evidence nor conclusions of law, must be distinctly stated. Every fact which the plaintiff must prove to maintain his suit is constitutive in the sense of the Code, and must be alleged." [Walrath v. Crary, 222 S. W. 895, l. c. 896.] Where plaintiff fails to allege facts constituting a cause of action (otherwise where a cause is defectively stated) the statement will not be aided by verdict. [Walrath v. Crary, *supra.*]

Since it is essential that a writ of error be founded on a final judgment, and since it is necessary that the petition for the writ allege the constitutive facts of the cause of action, it is therefore, necessary that there be alleged in the petition *facts* from which it appears that a final judgment has been rendered against plaintiffs in error. If the petition did not contain such facts it was impotent and conferred no jurisdiction on this court to issue a writ of error.

Referring to the petition it will be observed that plaintiffs in error nowhere state the nature of the suit below, whether in replevin, on a note, attachment, malicious prosecution, etc. They do allege, however, that: ''Said court made a finding and returned a judgment against the above named Justin D. Bowersock, . . . ; that thereafter and within the time provided by law and on June 30, 1939, plaintiffs filed their motion for new trial, which motion was overruled by the court on the 30th day of June, 1939, and during the May Term, 1939, of said circuit court and from which day the judgment became final against said plaintiff . . . '' It cannot be determined, on the face of the petition, except for the conclusion of law pleaded, that the judgment sought to be reviewed is a final judgment, such a one only as can form the basis for issuance of a writ of error. The attempted description of the judgment is a description of no judgment. [Freeman v. McCrite, 165 Mo. App. 1.] The allegation that the judgment became final, if an allegation of fact and not a conclusion of law, nevertheless does not aid the description to such an extent as to permit determination of the fact, from the face of the petition, that said final judgment is one upon which a writ of error will lie. The statute makes provision for appeal from some judgments which do not form the basis for issuance of a writ of error.

So far as the allegations of the petition are concerned the judgment may have been one refusing a writ of mandamus against the defendant members of the board of supervisors of defendant Missouri Valley Drainage District, a municipal corporation. Error will not lie to such a judgment. [Shever v. Livingston County, 9 Mo. 196.] Prayer for such a judgment might have been coupled with an action for a money judgment. One or the other may have been dismissed during the course of the trial. It may have been a judgment for costs, Crockett v. Lewis, 66 Mo. 67; or a judgment for voluntary nonsuit, Louisiana Company v. Mitchell, 20 Mo. 432. A judgment in such cases would not support a writ of error. In short, the petition fails to sufficiently describe the judgment so that its nature and character can be determined therefrom. It fails to allege the constitutive facts necessary to be alleged in order to invoke the action of this court in the matter of issuance of its writ of error.

Without a good and sufficient petition which stated a cause of action this court lacked jurisdiction to issue its writ. [Walrath v. Crary, *supra*; Mills & Arnold Lumber Company v. Tanner, *supra*; Trust Company v. Traction Company, *supra*.]

Plaintiffs contend that defendants may not be heard to move the dismissal of the writ at this time, more than two years after its issuance, after they stipulated two continuances, and after they permitted plaintiffs to be out the expense of printing abstracts and briefs. Defendants have complied with our rule 24, which governs the giving of notices and the filing of motions to dismiss writs of error; but plaintiffs contend that this court has held, in Bullock v.

B. R. Electric Supply Company, 60 S. W. (2d) 733, l. c. 735, that a party may not be heard to urge such a motion when he has knowingly permitted the opposite party to incur expense of printing abstracts and has failed to speak until after his adversary has thus incurred such expense.

In the above case Bullock brought suit in circuit court to set aside three judgments, obtained against her by B. R. Electric Supply Company, in justice court. After the circuit court action to set aside said judgments was instituted General Electric Supply Company, successors to the assets and liabilities of the alleged defunct B. R. Company, filed motion in circuit court wherein it sought to be substituted for the B. R. Company, in said litigation. Whether or not said motion was sustained by the circuit court does not appear; but it does appear that Bullock prevailed in the circuit court and the said justice court judgments were ordered set aside. Thereafter, B. R. Electric Supply Company sued out its writ of error and, three years after its issuance and after the cause was abstracted and briefed, Bullock moved to dismiss the writ on the grounds that it appeared, from the motion filed in circuit court, that B. R. Company had been dissolved. This court held that the motion came too late; but it also held that what was said in that connection "May be unnecessary and mere *obiter*" because the facts relied on in support of the motion had not been preserved in the record. The decision on this point, under the circumstances, has very little weight.

Furthermore, it does not appear that the facts which formed the basis of the attack on the writ in said case appeared on the face of the petition or the writ. The language of the court would indicate that they did not. We hold that said decision is not authority for the proposition that a defendant in error may not be heard to urge a motion to dismiss under the circumstances prevailing in the case at bar. "And more than that, the court of its own initiative, without waiting for a motion, may dismiss a writ of error where the defect is jurisdictional and is apparent on the record." [Nickle v. Kansas City Rys. Co., 209 S. W. 548, l. c. 549.]

Plaintiffs in error also urge that King v. City of Rolla, 130 S. W. (2d) 69, Clear v. Moore, 14 S. W. (2d) 669, and Roberts v. Meek, 296 S. W. 193, support their position; but an examination of said cases discloses that they have to do with situations concerning the giving of notices and the compliance with rules of court. The situation here is far different. This court had no jurisdiction to issue the writ because the petition upon which it is based wholly failed to state facts sufficient to constitute a cause of action for the issuance of a writ.

The writ of error should be dismissed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The writ of error is dismissed. All concur.