STATE of Missouri ex rel. Laverne BRANDON, Relator-Appellant,

v.

Larry HICKEY, Lena G. Beal, Floyd E. Belk, Donald E. Clark, Fred R. Reid, Ferrell J. Anderson, Roy E. Thompson, John M. Tadych and Robert E. Metzinger, Respondents.

No. 9061.

Springfield Court of Appeals, Missouri.

Dec. 22, 1970.

A. L. Shortridge, Joplin, for relator-appellant.

George C. Baldridge, Joplin, for respondents.

TITUS, Presiding Judge.

Relator has appealed from the order of the Circuit Court of Jasper County denying his application for an alternative writ of mandamus to compel the mayor, councilmen and city manager of the City of Joplin to permit the filing and processing of a petition to initiate the enactment of an ordinance which would repeal the city sales tax that had been imposed by ordinance under the provisions of § 94.500 et seq.[1] Whether the order constitutes a final appealable judgment vel non, is an unposed question by the interested parties. Nevertheless, this court has the independent duty to ascertain if such a judgment has been rendered and to dismiss the appeal ex mero motu if it has not. Pizzo v. Pizzo, 365 Mo. (banc) 1224, 295 S.W.2d 377, 379(1); Coonis v. Rogers, Mo.App. 413 S.W.2d 310, 313(2).

"The right of appeal shall be as provided by law" (Rule 82.01), and § 512.020, as pertinent here, extends this right to only those parties aggrieved by "any final judgment in the case." Before a judgment can be declared to be final and appealable, it must dispose of all parties and all issues in the case and leave nothing for further determination. Rule 74.01; § 511.020. In the absence of specific statutory authority, appeals do not lie from adverse orders which do not finally determine and dispose of the cause. United Secur. Ins. Co. v. Volkswagen of America, Inc., Mo.App., 447 S.W.2d 585, 588(2–3).

It is not the petition for the writ but the alternative writ in mandamus which corresponds to the petition in an ordinary civil action, and it is the alternative writ, and not the petition therefor, to which a respondent makes his return. State ex rel. Kopper Kettle Restaurants, Inc. v. City of St. Robert, Mo.App., 424 S. W.2d 73, 75(1, 2). Consequently, until such time as the alternative writ issues, the matter is ex parte in limbo and the action has not been commenced as that term is

1. References to rules and statutes are to Missouri Supreme Court Rules of Civil Procedure, V.A.M.R., and to RSMo 1969, V.A.M.S.

generally understood. However, "[w]hen a mandamus issues and is returned, the person obtaining the writ may require the judgment of the court upon the sufficiency of the return, or he may, * * * traverse the return, and thus produce an issue of fact. When the Circuit Court pronounces its judgment upon the question of law and fact arising upon the return, and awards or refuses a peremptory mandamus, there is a judgment between the parties which may be reviewed here" (Ex parte Skaggs, 19 Mo. 339–340; Rule 94; The State ex rel. Laclede Bank v. Lewis, 76 Mo. 370, 377–378; State ex rel. Albers v. Horner, 10 Mo.App. 307, 315), "[b]ut as to the decisions of inferior courts * * * refusing the alternative writ, the better-considered doctrine is, that no * * * appeal will lie, the judgment of the court being in no sense a final judgment upon a question of right between the parties." High's Extraordinary Legal Remedies, 3d ed., Chap. VIII, Mandamus, § 512, at p. 481. This appears to be the law in Missouri. Shrever v. Livingston County, 9 Mo. 196–197(1); Ex parte Skaggs, supra, 19 Mo. at 340(1); Bowersock v. Missouri Valley Drainage Dist., 237 Mo.App. 346, 351(7), 168 S.W.2d 479, 482(7); Bastan v. Board of Trustees, 88 Mo.App. 22, 24(1); 52 Am.Jur.2d, Mandamus, § 491, at p. 813. As stated in 55 C.J.S. Mandamus § 364, at pp. 632–633, "An order * * * refusing * * * an alternative writ of mandamus, since it is not a final judgment or order, and since it does not affect a substantial right, is not appealable, and * * * the remedy for a refusal to issue a mandamus is by a direct application to the higher court, it having original jurisdiction in such matters for a writ of mandamus." art. V, § 4, Constitution of Missouri, V.A. M.S.; Rule 83.20.

Relator's appeal is dismissed.

STONE and HOGAN, JJ., concur.