Carl BAKER, A. R. Hundhausen, and Bobby Powell, Plaintiffs–Appellants,

v.

ST. FRANCIS LEVEE DISTRICT of Missouri, T. A. Haggard, Glenn Peterson, A. P. Kersey, Jr., Wayne DeLisle, and Joe Tipton, the Board of Supervisors of the St. Francis Levee District of Missouri, Defendants–Respondents.

No. 11845.

Missouri Court of Appeals, Southern District, Division Three.

Oct. 9, 1980.

Arthur T. Stephenson, Caruthersville, for plaintiffs–appellants.

James E. Reeves, Ward & Reeves, Caruthersville, for defendants–respondents.

BILLINGS, Presiding Judge.

Plaintiffs have appealed from the order of the Circuit Court of Pemiscot County dismissing their petition for an alternative writ of mandamus to compel St. Francis Levee District to maintain certain culverts and install an additional culvert so that entrapped waters would drain. On motion of defendants, the trial court dismissed plaintiffs' petition.

Defendants have filed a motion to dismiss the appeal, contending plaintiffs' notice of appeal is fatally defective and an appeal will not lie from a circuit court's refusal to issue an alternative writ of mandamus.

Plaintiffs' notice of appeal simply states: "[Plaintiffs] appeal to the Missouri Court of Appeals, Southern District." Contrary to and in violation of Rule 81.08(a), V.A.M.R., the notice of appeal does not specify the judgment or order appealed from. The jurisdictional statement in plaintiffs' brief is silent as to the judgment or order appealed from and only by reviewing the legal file herein we discover the order of the trial court.

In *State ex rel. Brandon v. Hickey*, 462 S.W.2d 159 (Mo.App.1970), the relator sought to appeal an order of the circuit court denying his application for an alternative writ of mandamus. Speaking through Titus, P. J., the court said:

"'The right of appeal shall be as provided by law' (Rule 82.01), and § 512.020, as pertinent here, extends this right to only those parties aggrieved by 'any final judgment in the case.' Before a judgment can be declared to be final and appealable, it must dispose of all parties and all issues in the case and leave nothing for further determination. Rule 74.-01; § 511.020. In the absence of specific statutory authority, appeals do not lie from adverse orders which do not finally determine and dispose of the cause. *United Secur. Ins. Co. v. Volkswagen of America, Inc.*, Mo.App., 447 S.W.2d 585, 588(2–3).

"It is not the petition for the writ but the alternative writ in mandamus which corresponds to the petition in an ordinary civil action, and it is the alternative writ, and not the petition therefor, to which a respondent makes his return. *State ex rel. Kopper Kettle Restaurants, Inc. v. City of St. Robert*, Mo.App., 424 S.W.2d 73, 75(1, 2). Consequently, until such time as the alternative writ issues, the matter is ex parte in limbo and the action has not been commenced as that term is generally understood. However, '[w]hen a mandamus issues and is returned, the person obtaining the writ may require the judgment of the court upon the sufficiency of the return, or he may, * * * traverse the return, and thus produce an issue of fact. When the Circuit Court pronounces its judgment upon the question of law and fact arising upon the return, and awards or refuses a peremptory mandamus, there is a judgment between the parties which may be reviewed here' (*Ex parte Skaggs*, 19 Mo. 339–340; Rule 94; The *State ex rel. Laclede Bank v. Lewis*, 76 Mo. 370, 377–378; *State ex rel. Albers v. Horner*, 10 Mo.App. 307, 315), '[b]ut as to the decisions of inferior courts * * * refusing the alternative writ, the better–considered doctrine is, that no * * * appeal will lie, the judgment of the court being in no sense a final judgment upon a question of right between the parties.' High's Extraordinary Legal Remedies, 3d ed., Chap. VIII, Mandamus, § 512, at p. 481. This appears to be the law in Missouri. *Shrever v. Livingston County*, 9 Mo. 196–197(1); *Ex parte Skaggs, supra*, 19 Mo. at 340(1); *Bowersock v. Missouri Valley Drainage Dist.*, 237 Mo.App. 346, 351(7), 168 S.W.2d 479, 482(7); *Bastan v. Board of Trustees*,

88 Mo.App. 22, 24(1); 52 Am.Jur.2d, Mandamus, § 491, at p. 813. As stated in 55 C.J.S. Mandamus § 364, at pp. 632–633, 'An order * * * refusing * * * an alternative writ of mandamus, since it is not a final judgment or order, and since it does not affect a substantial right, is not appealable, and * * * the remedy for a refusal to issue a mandamus is by a direct application to the higher court, it having original jurisdiction in such matters for a writ of mandamus.' art. V, § 4, Constitution of Missouri, V.A.M.S.; Rule 83.20."

Defendants' motion to dismiss this appeal is well taken and the appeal is dismissed.

MAUS, GREENE and PREWITT, JJ., concur.