STATE OF CONNECTICUT *v*. GEORGE F. ECKART.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.
Argued January 8—decided February 7, 1941.

*D. H. Cotter*, for the appellant (defendant).

*Lorin W. Willis*, state's attorney, with whom, on the brief, was *Otto J. Saur*, assistant state's attorney, for the appellee (the state).

PER CURIAM. The defendant pleaded guilty to an information charging him with the crime of perjury, and was sentenced to state prison for not less than one nor more than three years. He has appealed on the ground that the maximum imprisonment which could be imposed on him for the crime of perjury is six months in jail. The statute reads as follows: "Any person who shall wilfully or corruptly swear, affirm or testify falsely to any material matter when an oath or affirmation is required by law, or who shall unlawfully and corruptly procure another so to do, shall be imprisoned in jail not more than six months or in the State Prison not more than five years; and, when he shall so testify or affirm with intent to take the life of another, he shall be imprisoned in the State Prison during his life." General Statutes, § 6163. The basis of the defendant's claim is that the jail penalty applies

to the crime of perjury, while the provision for imprisonment in state prison applies to the other offense included in the statute, subornation of perjury.

Previous to 1870, the statute included both offenses, with a single penalty, imprisonment in state prison for not less than two nor more than five years; General Statutes, Rev. 1866, p. 260; and that penalty of course applied equally to both offenses. In 1870, with the very obvious purpose of mitigating the severity of the punishment, the statute was amended to make the penalty that now provided. Public Acts, 1870, Chap. 93. The only possible reason for a claim that, by this change, the legislature intended to alter the scope of the statute, so that, instead of having a single penalty provision applicable to both offenses, imprisonment in jail would apply to one, and imprisonment in state prison to the other, arises out of the difference between the wording of the penalty provision in this statute and that usual in our criminal statutes. These ordinarily provide merely for imprisonment for a period not to exceed a certain term, leaving the matter of fixing the imprisonment as in jail or state prison to be determined by § 6508 of the General Statutes. This requires that any sentence to the state prison shall be for at least one year, and that sentences for not more than one year may and sentences for less than one year must be to jail. This statute was not enacted until 1881; Public Acts, 1881, Chap. 123; previous to that time, most criminal statutes specified whether a sentence of imprisonment should be in jail or state prison; Rev. 1875, pp. 497-525; and no statute forbade a sentence to state prison for less than one year. In 1870, when the provision here in question was enacted, a sentence to state prison for a period of less than one year was permissible and there is no reason to believe that the legislature intended otherwise than that the pro-

vision should apply alike to either offense specified in the statute. It has become somewhat archaic in form; but that is no reason to attribute to the legislature the intent which the defendant would have us read into it.

There is no error.