State of Connecticut *v.* Riggs Bello

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued April 10—decided May 1, 1947

*Alfred E. DeCapua* and *Alfonse C. Fasano,* for the appellant (defendant).

*Lorin W. Willis,* state's attorney, for the appellee (plaintiff).

JENNINGS, J. The defendant was convicted of betting on horse races on December 27, 1945, January 4, 1946, and January 5, 1946, contrary to the provisions of General Statutes § 6280. He appealed on the ground that the trial court erred in refusing to correct the finding, in a ruling on evidence and in its construction of the statute.

The finding may be summarized as follows: The defendant has conducted a stationery and tobacco store in Stamford for some years. On the dates mentioned an officer in plain clothes made bets with the

defendant on horse races and on the first occasion saw the defendant write something on a white pad. His store was raided on December 8, 1945, and January 22, 1946, but no evidence was found.

The defendant took the stand in his own defense and testified on direct examination as follows:

"Q. When was it that you were visited by police officers the first time prior to your being arrested?

A. That was on December 8, 1945. . . . Q. In other words, you were also visited—at your place of business, was it? A. That's right. Q. —a second time on the day that you were served with the bench warrant? A. That's right. Q. That was the second time was it not? A. That's right. Q. The first time was December 8, 1945? A. That's right."

In a long cross-examination, the state attacked the credibility of the defendant by attempting to show that December 8, 1945, was not the first time that the defendant had been in trouble with the police. The defendant repeatedly stated that he did not remember being in court on a certain day about two years previously and it was only upon interrogation by the court that he finally testified that he did remember something happening to him on that day. As shown by the exhibit, he was convicted of a crime in the court on that day. That fact was something which in human probability must have been in his mind, and proof of his conviction would tend to indicate that his earlier answer, that he did not remember the occasion, was consciously false. It was not claimed either in the trial court or this court that the conviction was of a crime involving moral turpitude so that it would as such attack the credibility of the defendant. It was admitted solely to affect his credibility by contradicting his testimony that he was first visit-

ed by the police on December 8 and his later testimony that he did not remember the incident.

The cross-examination and the record of conviction were admissible respectively for the purpose stated. Their relevancy in this connection is evident and the extent to which an examination to affect credibility will be allowed is largely discretionary. *State v. Schleifer,* 102 Conn. 708, 715, 130 A. 184. Nothing in these rulings shows an abuse of discretion.

This discussion points up the claim of the defendant that the trial court erred in not including in the finding the preliminary statement in his draft finding describing the circumstances under which the evidence was elicited. The statement was based upon the contention of the defendant that the testimony quoted was addressed solely to visits of police officers incident to the present prosecution; but the trial court and the state's attorney could reasonably understand, as they obviously did, that the answers of the witness were not so restricted, but included generally visits of officers at any time prior to his arrest for the offenses charged against him; and the trial court was justified in refusing to include in the finding the defendant's version of the effect of the testimony. Practice Book § 359 provides: "When error is claimed in rulings on evidence the draft finding and finding shall state in each instance the question, the objection, the answer if any, and the exception. Where these clearly and sufficiently present the questions of law nothing should be added." It is only when the error claimed is not clear that an explanatory statement is required. The criticism of the rulings as stated in the finding in *Santangelo v. Middlesex Theatre, Inc.,* 125 Conn. 572, 579, 7 A.2d 430, relied on by the defendant, was due to the fact

that the bare transcript did not make the points clear. There was no error in the ruling under discussion.

General Statutes, § 6280, provides in part: ". . . any person who shall make, record or register any such wagers or bets" shall be punished. The defendant contends, in effect, that the natural, or at least a possible, reading of this excerpt is "make and record or register any such wagers." He furnishes no authority for this proposition nor has any been found. It is the commonly accepted rule that, where more than two words are intended to be connected by the same conjunction, that conjunction is usually omitted except between the last two. See illustration in Fowler, Modern English Usage, p. 408. Section 6280 contains a good illustration of the application of this rule. It starts: "Any person . . . who shall own, possess, keep, manage, maintain or occupy . . . ." See also § 6112, "Any person who . . . shall falsely make, alter, forge or counterfeit", and General Statutes, Cum. Sup. 1939, § 983e, "No holder of any permit shall buy, sell, or receive or offer for sale, any spirits." It is obvious that full expression would require "or" to appear in place of each comma. It is of course true that penal statutes are strictly construed against the state and liberally in favor of an accused. *State* v. *Zazzaro,* 128 Conn. 160, 167, 20 A.2d 737. To enforce the rule beyond its purpose, however, would be to exalt technicalities above substance. Ibid.; *State* v. *Faro,* 118 Conn. 267, 274, 171 A. 660. The intent of the General Assembly in passing the act, as expressed by it, is the controlling factor, and in ascertaining this "the application of common sense to the language, is not to be excluded." *Rawson* v. *State,* 19 Conn. 292, 299.

It thus appears that the ordinary and reasonable construction to be placed on this section of the statute is that urged by the state. It is held that the making or the recording or the registering of wagers is punishable under the statute.

There is no error.

In this opinion the other judges concurred.