STATE OF CONNECTICUT *v.* ARTHUR K. ARCHAMBAULT

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued June 4—decided July 7, 1959

*James D. Cosgrove,* public defender, for the appellant (defendant).

*Albert S. Bill,* state's attorney, for the appellee (state).

MURPHY, J. The defendant was arraigned on an information charging the crime of blackmail under what is now § 53-40 of the 1958 Revision. A demurrer to the substituted information was overruled and he was found guilty after a plea of nolo contendere was accepted. We are only concerned with whether the allegations of the information are sufficient to charge a crime under the statute.

The information alleged that the defendant maliciously threatened by verbal communication injury

to the reputation of another with intent to extort money from him. Section 53-40 reads as quoted in the footnote.[1] It is the defendant's contention that the words "such communication" refer only to a written or printed communication and not to a verbal one and that therefore the information did not allege a crime under the statute. The trial court held otherwise. At first blush, there seems to be considerable merit to the defendant's claim. Upon closer examination, however, it is apparent that the words "such communication" mean a communication by spoken words as well as one transmitted on a piece of paper and that it was not the intent of the legislature as expressed in the act to restrict the application of the adverb "verbally" to those acts of blackmail which threaten to accuse another of a crime or offense with intent to extort money or accomplish the other purposes enumerated in the act and to exclude from the operation of the act any verbal communication which maliciously threatens an injury to the person, property or reputation of another. The forepart of the statute can only be interpreted as though it read "Any person who, either by verbal or written or printed communication . . . ."

While it is of course true that a penal statute should be strictly construed, it is not the purpose of the rule of strict construction to enable a person to avoid the clear import of a law through a mere

---

[1] "Sec. 53-40. BLACKMAIL. Any person who, either verbally or by written or printed communication, maliciously threatens to accuse another of any crime or offense or, by such communication, maliciously threatens an injury to the person, property or reputation of another, with intent thereby to extort money or any pecuniary advantage whatever or with intent to compel the person threatened to do any act against his will, shall be imprisoned not more than ten years or fined not more than five thousand dollars or both."

technicality. To enforce the rule beyond its purpose would be to exalt technicalities above substance. *State* v. *Zazzaro,* 128 Conn. 160, 167, 20 A.2d 737. The ordinary and reasonable construction of the statute is that accorded it by the trial court. *State* v. *Bello,* 133 Conn. 600, 604, 53 A.2d 381.

There is no error.

In this opinion the other judges concurred.