This is an appeal under § 4-183 (b) of the General Statutes from a final decision of the personnel appeal board on a grievance filed with it by the plaintiffs. Under § 5-202 of the General Statutes, the board held a hearing on the grievance and rendered its decision thereon on November 5, 1973. On that date, a copy of this final decision was mailed to the plaintiffs. They did not request a rehearing from the board; instead, they elected to take this appeal. A copy of the writ, summons, complaint and *Page 187 
appeal was served on the board on December 5, 1973, but was not filed with this court until December 11, 1973.
Under § 4-183 (b), proceedings for judicial review of a final decision of an administrative agency in a contested case "shall be instituted by filing a petition in the court of common pleas in the county wherein the aggrieved person resides within thirty days after mailing of the notice of the final decision of the agency or, if a rehearing is requested, within thirty days after the decision thereon. Copies of the petition shall be served upon the agency and all parties of record."
Appeals to the courts from administrative officers or boards exist only under statutory authority, and unless a statute provides for such appeals, courts are without jurisdiction to entertain them. EastSide Civic Assn. v. Planning Zoning Commission,161 Conn. 558, 560. The establishment of the requirements for perfecting such an appeal is the prerogative of the General Assembly. Bank Building Equipment Corporation v. ArchitecturalExamining Board, 153 Conn. 121, 125. The time and method provided are to secure, in the public interest, a speedy determination of the issues involved; Hubbard
v. Planning Commission, 151 Conn. 269, 272; and are mandatory and jurisdictional. Daley v.Board of Police Commissioners, 133 Conn. 716, 719. Failure to comply with the statutory requirements renders the proceedings voidable and subject to abatement.
 The statute here is clear in providing for the filing of the appeal with the court within thirty days of the mailing of the notice of the final decision. The service of copies is supplemental thereto. The plaintiffs did not comply with the statute, and the defendant's plea in abatement is, therefore, sustained.