BOULEVARD DODGE SALES, INC. *v.* EDWARD J. KOZLOWSKI, COMMISSIONER OF MOTOR VEHICLES

COURT OF COMMON PLEAS     HARTFORD COUNTY     FILE NO. 111768

Memorandum filed November 14, 1974

*Bromberg & Appleton,* of Hartford, for the plaintiff.

*Robert K. Killian,* attorney general, and *John F. Gill,* assistant attorney general, for the defendant.

MISSAL, J. This is an appeal under the Uniform Administrative Procedure Act; see General Statutes § 4-183 (b); from a decision of the defendant suspending the plaintiff's new car dealership for three days and ordering the plaintiff to post a bond of $1000.

The defendant's notice of his final decision was dated and mailed on May 31, 1974. On August 14, 1974, seventy-five days after the mailing of the notice, the plaintiff requested a rehearing. This appeal was instituted on September 10, 1974, 102 days after the mailing of the notice and 27 days after the request for a rehearing.

The pertinent provision of § 4-183 (b) is that proceedings for review "shall be instituted by filing a petition in the court of common pleas . . . within thirty days after mailing of the notice of the final decision of the agency or, if a rehearing is requested, within thirty days after the decision thereon."

The defendant has filed a plea in abatement claiming that this court does not have jurisdiction because of the plaintiff's failure to institute this appeal, or to request a rehearing, within the thirty-day statutory time period mandated by § 4-183 (b). The plaintiff demurred to the plea in abatement for the reason that the appeal was commenced by filing a petition in this court within thirty days after the decision on the plaintiff's request for a rehearing.

The plaintiff contends that there are two separate time periods set forth in the statute for an appeal from an administrative agency: (1) the appeal must be filed within thirty days after the mailing of the notice of the final decision; and (2) if a rehearing is requested, the filing must be within thirty days after the decision thereon. The plaintiff further claims that the request for a rehearing can be made at any time after the notice of the final decision is mailed, and that the request is not required, by the wording of the statute, to be made within thirty days after the mailing of the notice of the final decision. Thus, the plaintiff alleges that it properly instituted its appeal 102 days after the mailing of the notice of the final decision, because only 27 days had elapsed since its request for a rehearing, although that request was not made until 75 days after the mailing of the notice of the final decision.

"Appeals to the courts from administrative officers . . . exist only under statutory authority . . . . The establishment of the requirements for perfecting such an appeal is the prerogative of the General Assembly. . . . The time and method provided are to secure, in the public interest, a speedy determination of the issues involved . . . and are mandatory and jurisdictional." *Carbonneau* v. *Personnel Appeal Board,* 31 Conn. Sup. 186, 187.

Section 4-183 (b) was designed to secure a speedy determination of the issues involved. If the court adopted the plaintiff's interpretation of the statute, which would allow a party the right to request a rehearing at any time after the thirty-day period had passed, it would delay the appeal process and could result in such a bizarre happening as a request for a rehearing several years after the mailing of the notice of the final decision. In construing the terms of this statute, the court is justified in seek-

ing a meaning that would avoid such a result even at the expense of departing from the literal meaning of the words used. *Kuehne* v. *Town Council,* 136 Conn. 452, 456. The statute should not be interpreted in such a way as to thwart the purpose for which it was enacted. *West Hartford* v. *Talcott,* 138 Conn. 82, 90. The interpretation "must, if possible, be such as will effect the real purpose for which the statute was enacted." *Merchants Bank & Trust Co.* v. *Pettison,* 112 Conn. 652, 655. The intent of the General Assembly in passing the act, as expressed by it, is the controlling factor, and in ascertaining this the application of common sense to the language is not to be excluded. *State* v. *Bello,* 133 Conn. 600, 604.

The reasonable construction to be placed on this portion of the statute is that urged by the defendant, namely, that within thirty days of the mailing of the notice of a final decision of an administrative agency an appeal must be instituted in this court or, in the alternative, a request must be made for a rehearing.

The plaintiff did not comply with the statute, and therefore the defendant's plea in abatement is sustained.