## State of Connecticut *v.* Anonymous (1976–6)*

### Court of Common Pleas

Belinkie, J. In this case, the defendant was arrested on May 25, 1975, and charged with the crimes of burglary in the third degree, General Statutes § 53a-103, and larceny in the fourth degree, General Statutes § 53a-125, alleged to have been committed on or about April 9, 1973. The arrest was based on an arrest warrant which had been issued on May 1, 1973. In an amended motion to quash the information, dated August 21, 1975, the defendant has moved to quash both charges.

* Thus entitled, in view of General Statutes § 54-90.

In the original motion to quash information, dated July 10, 1975, the defendant had moved to quash only the charge of larceny in the fourth degree on the basis that the statute of limitations, General Statutes § 54-193, barred that prosecution "but within one year next after the offense has been committed." In the amended motion to quash, the defendant moved to quash both charges, although paragraph three of the amended motion appears to be directed only to one charge as being barred by the statute of limitations. The court will treat the amended motion to quash as claiming the statute of limitations as a defense to both charges.

The applicable statute of limitations at the time of this offense, General Statutes § 54-193, among other things, provided as follows: "No person shall be prosecuted . . . for any crime or misdemeanor of which the punishment is or may be imprisonment in the Connecticut Correctional Institution, Somers, except within five years next after the offense has been committed; nor shall any person be prosecuted for the violation of any penal law, or for other crime or misdemeanor, except crimes punishable by death or imprisonment in the Connecticut Correctional Institution, Somers, but within one year next after the offense has been committed . . . ." Prior to 1969, that statute of limitations of prosecution for offenses did not contain the phrase, "Connecticut Correctional Institution, Somers," but, rather, the requirement of imprisonment in the "State Prison" to determine whether the five-year or one-year period of limitation applied. In 1969 Public Acts, No. 297, it was provided in part, "Wherever in the general statutes, the words 'State Prison,' appear, they shall be construed to mean the Connecticut Correctional Institution, Somers."

Prior to the effective date of our penal code, October 1, 1971, there was no classification by

degree of the offenses of burglary or larceny. The applicable statutes provided in the case of what is now designated as larceny in the fourth degree, for imprisonment in a jail for not more than six months; General Statutes, Rev. 1949, § 8401 (Rev. 1958, § 53-63); and in the case of what is now burglary in the third degree, a period of imprisonment in the state prison for not more than twenty years. General Statutes, Rev. 1958, § 53-68.

Under our present penal code, larceny in the fourth degree is classified as a class C misdemeanor and burglary in the third degree as a class D felony. A felony is defined as "[a]ny offense for which a person may be sentenced to a term of imprisonment in excess of one year." General Statutes § 53a-25. A class D felony provides for a maximum term of imprisonment for five years. General Statutes § 53a-35. A misdemeanor is defined as "[a]n offense for which a person may be sentenced to a term of imprisonment of not more than one year." General Statutes § 53a-26. A class C misdemeanor provides for a maximum term of three months. General Statutes § 53a-36.

This court is unable to find anywhere in the penal code any provision for either a sentence of imprisonment in a jail or state prison or commitment in the Connecticut correctional institution, Somers. Outside the penal code, although the provisions for sentencing of criminal offenses leave something to be desired insofar as uniformity of language within the framework of the statute of limitations is concerned, there are indications that some attention has been given to the place of commitment, more so, to be true, in statutory revisions prior to 1969.

At the present time, General Statutes § 53-29, entitled "Attempt to procure miscarriage or abortion," provides for imprisonment in state prison. A number of other statutes, §§ 53-21, 53-30, 53-31,

53-35, 53-37, 53-39, 53-41b, 53-202, 53-215a, 53-334, 53-368, 53-391, to mention only a few, provide for a period of imprisonment for terms of either days, months, one year or a number of years, without specifying the locale of incarceration.

Prior to our penal code, a number of statutes provided for imprisonment in jail. See General Statutes, Rev. 1949, §§ 8555, 8570, 8571, 8623, 8624, 8625, 8626 (Rev. 1958, §§ 53-231, 53-246, 53-247, 53-324, 53-325, 53-326, 53-327). In much earlier times, most criminal statutes specified whether a sentence of imprisonment should be in jail or state prison; *State* v. *Eckart,* 127 Conn. 719, 720; at a later time, penalty provisions in criminal statutes were changed to read for imprisonment for a period not to exceed a certain term, leaving the matter of fixing the imprisonment as in jail or state prison to be determined by the application of statutes such as § 8826 of the 1949 Revision. That section required that any sentence to the state prison be for at least one year, and that sentences for not more than one year may and sentences for less than one year must be to jail. *State* v. *Eckart,* supra. That section has been construed as providing that where the maximum sentence for an offense is imprisonment for one year, it cannot be to the state prison. *Leifert* v. *Turkington,* 115 Conn. 600, 603. That construction is in line with the definitions of felonies and misdemeanors in our penal code, §§ 53a-25 and 53a-26, and perhaps has led to the popularly recognized view that felonies are state prison offenses and misdemeanors are jail offenses, although the penal code does not make that distinction in terms of the place of commitment.

We now turn to the question of the application of our present statute of limitations, § 54-193, to the present case, in the light of this background information. Section 54-193 specifically provides for

a five-year period of limitation for any crime or misdemeanor of which the punishment is or may be imprisonment in the Connecticut correctional institution, Somers. The court is mindful of the word "may." It goes on to state, however, that no person shall be prosecuted for the violation of any penal law, or for other crime or misdemeanor, "except crimes punishable by death or imprisonment in the Connecticut Correctional Institution, Somers, but within one year next after the offense has been committed." It does not say, except crimes which "may" be punishable.

The state now argues that all crimes, including misdemeanors, are subject to the five-year statute of limitations. That argument is based on the provisions of the presently existing statute, § 54-120, which provides that "punishment by imprisonment, . . . when not otherwise provided, shall be by commitment to the custody of the commissioner of correction in such institution or facility of the department of correction as he determines," thereby replacing the requirements of § 8826 of the 1949 Revision (Rev. 1958, § 54-120) which dictated jail sentences for all commitments for a year or less. *State* v. *Eckart,* supra. The argument of the prosecution is that under § 54-120, since commitments in the discretion of the commissioner of correction may be to the Connecticut correctional institution, Somers, even for misdemeanors, the five-year statute of limitations applied to all crimes. The court is not persuaded.

The obvious intention of the legislature in amending § 54-120 to its present form was to give discretion to the commissioner of correction in order to provide for the most efficient use of correctional facilities available, not to extend the statute of limitations. Secondly, if the legislature desired to extend the statute of limitations to five years for

all crimes, it could easily have said so, instead of amending § 54-120 in an attempt to accomplish that purpose. In the third place, the right to the defense of the statute of limitations should be determinable at the time of apprehension of an accused, not at the whim of the commissioner of correction after conviction. Finally, to adopt the state's position, would mean that the statute of limitations for men would be five years but for women only one year, since under § 18-65, women could not be committed to Somers.[1]

The court is constrained to hold that the statute of limitations in Connecticut for all crimes, except those punishable by death or those in which it is specifically provided that the penalty is imprisonment in the Connecticut correctional institution, Somers, is one year.

It will be argued that that interpretation ignores the words "may be imprisonment" contained in the five-year period of § 54-193 and that the apparent mandate contained in the exception to the one-year statute, viz, "except crimes punishable by death or imprisonment in the Connecticut Correctional Institution, Somers," refers back to the prior provision, "or for any crime or misdemeanor of which the punishment is or may be imprisonment in the Connecticut Correctional Institution, Somers." Section 54-193, however, is penal in nature and must be construed strictly against the state and liberally construed in favor of an accused. *State* v. *Bello,* 133 Conn. 600, 604. It will be argued further that to enforce the rule of strict construction in that respect and in that way would be to exalt techni-

---

[1] Section 18-65 was amended by 1975 Public Acts, No. 75-633, effective October 1, 1975, to remove the requirement that women "shall be confined" to Niantic, by substituting the word "may" in place of "shall." It further substituted the word "persons" for women, indicating perhaps that Niantic might be used for men after October 1, 1975.

calities above substance and to enforce the rule beyond its purpose. *State* v. *Bello,* supra; *State* v. *Archambault,* 146 Conn. 605, 607.

Section 54-193 could have provided for a five-year statute of limitations for felonies and a one-year statute of limitations for misdemeanors as those terms are defined in the penal code. General Statutes §§ 53a-25, 53a-26. Or it could have provided for a five-year statute of limitations for all offenses for which a term of imprisonment for more than one year was provided and a one-year statute of limitations for all offenses providing for a maximum term of imprisonment of one year. That section did not do so. It specifically provided for a statute of limitations of one year for all violations of the penal law, or for other crimes or misdemeanors, except those punishable by death or imprisonment in the Connecticut correctional institution, Somers.

"It is not . . . our function to substitute our own ideas of what might be a wise provision in the place of a clear expression of the legislative will. . . . The statute must be applied as its words direct." *Dental Commission* v. *Tru-Fit Plastics, Inc.,* 159 Conn. 362, 365. In view of that holding, it might well be asked what crimes, other than those punishable by death, will be governed by the five-year statute of limitations. The simple answer, if § 54-193 retains its present form, is all crimes for which the penalty is imprisonment in the Connecticut correctional institution, Somers. General Statutes § 53-153, entitled "Unlawful removal or alteration of records," is such a crime. That offense specifically provides for a penalty of imprisonment in the Connecticut correctional institution, Somers, for not more than ten years. It must be presumed that the penalty provision of that statute was enacted with the view of bringing that offense within the five-year period of limitation set forth in § 54-193. "There is a pre-

sumption that the legislature, in enacting a law, did so in view of existing relevant statutes and intended it to be read with them so as to make one consistent body of law." *Little* v. *Ives,* 158 Conn. 452, 455; *Knights of Columbus Council No. 3884* v. *Mulcahy,* 154 Conn. 583, 589.

The prosecution has argued further that even if the statute of limitations with regard to the instant offenses is determined to be one year, that period has been met by reason of the fact that the arrest warrant in this case was issued on May 1, 1973, less than one month after the date of the offenses charged in the information. That warrant was not executed until May 25, 1975, some two years after the date of the offenses. The court cannot find much merit in that contention. For reasons stated in the defendant's memorandum connected with the motion to quash, that contention is rejected.

The motion to quash the information with regard to both charges alleged therein is granted under the provisions of Practice Book § 499 which authorizes the quashing of an information when it appears that a prosecution for the offenses alleged therein is barred by the statute of limitations.

