Raymond Eugene
CHARLIER, Appellant,

v.

Jack CORUM, Sheriff of Clay County,
Missouri, Respondent.

No. WD41211.

Missouri Court of Appeals,
Western District.

July 18, 1989.

Michael J. Svetlic, Kenneth P. Eitel, Jr., Kansas City, for appellant.

John M. Crossett, Asst. County Counselor, Liberty, for respondent.

Before TURNAGE, P.J., and CLARK, and FENNER, JJ.

TURNAGE, Presiding Judge.

Raymond Charlier sought a writ of mandamus to compel Jack Corum, Sheriff of Clay County, to make available certain public records maintained in the sheriff's office and sought sanctions against the sheriff for refusal to make such records available. The court found that the sheriff is not a public governmental body as defined in § 610.010, RSMo 1986,[1] and denied the writ.

Charlier contends that the sheriff is a public governmental body as defined in § 610.010 and the record sought is not closed pursuant to any provision of law.[2] Reversed and remanded.

In his petition Charlier alleged that he was a professional bondsman duly licensed and doing business in Liberty. He averred the capacity of Jack Corum as sheriff and claimed that he had requested certain records for inmates confined in the Clay County Jail from the sheriff's office. The request according to an exhibit attached to

1. All sectional references are to RSMo 1986 except as noted.

2. In *Baker v. St. Francis Levee Dist.,* 606 S.W.2d 668 (Mo.App.1980), it was held that the dismissal of a petition for an alternative writ of mandamus is not appealable. The court relied on *State ex rel. Brandon v. Hickey,* 462 S.W.2d 159 (Mo.App.1970), which held that the alternative writ in mandamus corresponds to the petition in an ordinary civil action and the respondent makes its return to the alternative writ and not to the petition seeking a writ of prohibition. In *Brandon* the court held that until such time as the alternative writ issues there is no appealable judgment. The procedure in mandamus was changed effective January 1, 1981, with the adoption of Rule 94.07 which provides that the answer shall be directed to the petition in mandamus. Under Rule 94 the procedure in mandamus is the same as any civil action in which a petition is filed and an answer is directed to the petition. With this change of procedure it is not necessary that an alternative writ of mandamus be issued in order for a judgment denying a writ in mandamus to be appealable.

the petition was for information on whether a warrant had been issued for Melvin E. Watkins. The petition set forth the provisions of § 610.010 through § 610.120 relating to records kept by governmental bodies and asserted that the sheriff had refused to release the record requested or to give any response to the written request. Furthermore, the petition stated that the sheriff had issued an order directing his staff to discontinue giving any information regarding inmates or criminal records to bondsmen.[3]

The petition alleged that the sheriff purposefully violated § 610.010 through § 610.027 and requested the sanction of a fine, costs and attorney fees pursuant to § 610.027. The prayer of Count I was for the issuance of a writ of mandamus requiring the sheriff to disclose and make available to Charlier the record requested as well as for the sanction of fines and costs of attorney fees.

Count II prayed for sanctions against the sheriff under § 109.180. The court denied relief on both counts, but Charlier complains only of the denial of relief on Count I in this court. He makes no complaint of the denial of relief on Count II. He has thereby abandoned any claim under Count II. *Komanetsky v. Missouri State Medical Ass'n*, 516 S.W.2d 545, 549[1] (Mo.App. 1974).

Section 610.010(2) was amended in 1987 and is shown in Supp. RSMo 1987. That section now reads:

"Public governmental body", any legislative, administrative governmental entity created by the constitution or statutes of this state, by order or ordinance of any political subdivision or district, or by executive order, including any body, agency, board, bureau, council, commission, committee, board of regents or boards of curators of any institution of higher education, supported in whole or in part from state funds, advisory committee or commission appointed by the governor by executive order, department, or division of the state, of any political subdivision of the state, or any county or of any municipal government, school district or special purpose district, any other legislative or administrative governmental deliberative body under the direction of three or more elected or appointed members having rulemaking or quasi-judicial power, any committee appointed by or under the direction or authority of any of the above named entities and which is authorized to report to any of the above named entities, and any quasi-public governmental body.

Charlier contends the sheriff comes within the definition of public governmental body because he occupies an administrative office created by the statutes of the state. The sheriff contends that he is not within the definition of public governmental body due to the effect of the 1987 amendment. Prior to the 1987 amendment, § 610.010(2) read in the first clause "'public governmental body', any legislative or administrative governmental entity created by the constitution or statutes of this state,...." The sheriff contends that when the legislature in 1987 eliminated the word "or" between the words legislative and administrative it changed the meaning of this section. The sheriff contends that prior to 1987 the section referred to any legislative or administrative governmental entity, but with the removal of the word "or," the word "legislative" now modifies the following word "administrative" so that the public governmental body described in the first clause is only an administrative entity having a legislative function. The sheriff contends that the reason the legislature amended the section in 1987 was to change the meaning from legislative or administrative entity to an administrative entity having a legislative function.

A reading of § 610.010 after its 1987 amendment reveals that the purpose of the amendment was not to remove the word "or" between legislative and administrative, but rather to include the board of regents or board of curators of any institution of higher education, supported in whole or in part by state funds, in the list

---

**3.** Apparently anyone but bondsmen would be able to see and copy the records.

of entities included in the law. The legislature inserted this language in response to this courts' decision in *Tribune Publishing Co. v. Curators of Univ. of Mo.*, 661 S.W.2d 575 (Mo.App.1983), in which it was held that records of the board of curators were not public records within the meaning of § 610.010 as it read in 1977.

It is true that the 1987 amendment did eliminate the word "or" between legislative and administrative, but it is clear from reading the section after the 1987 amendment that the legislature was "utilizing the commonly accepted rule that, where more than two words are intended to be connected by the same conjunction, that conjunction is usually omitted except between the last two." *State v. Bello*, 133 Conn. 600, 53 A.2d 381, 383[5–8] (1947). It may readily be conceded that the first sentence of § 610.010 as it now reads is not a model of clarity. Nevertheless, it can be discerned that a number of words are intended to be joined by the conjunction "and" in this sentence. When read accordingly, the section leaves no doubt that the legislature was talking about any legislative and administrative entity. The conjunction "and" appears near the end of the sentence when it concludes "any committee appointed by or under the direction or authority of any of the above named entities and it is authorized to report to any of the above named entities, and any quasi-public governmental body." This is further illustrated by the part of the sentence which reads "including any body, agency, bureau, counsel, commission, committee,...." Under the sheriff's theory this would refer to only one body. It is apparent that the legislature was referring to a number of entities and that a comma was inserted after the mention of each entity to avoid the repetition of the word "and" between each one.

Unquestionably, the sheriff is an office created by § 57.010. The duties imposed upon the sheriff by § 57.100 relate to law enforcement and the execution of process directed to him by legal authority. It is clear that the sheriff is an administrative entity created by state statute.

The sheriff concedes, that if he falls within the definition of public governmental body, that the record sought by Charlier is one that the sheriff should make available for inspection or copying. Having concluded that the sheriff is included within the definition of public governmental body, it follows that the court should have issued a writ of mandamus to compel the sheriff to make the record available for inspection or copying.

Charlier has briefed the issue that the sheriff has purposefully violated § 610.010 through § 610.030, and that the sheriff should be subjected to a fine and Charlier should recover his costs and attorney fees. On remand the court is directed to determine whether the sheriff purposefully violated § 610.010 through § 610.030 and if so whether sanctions should be imposed. If desired, the court may hold a further hearing on this issue.

■ Charlier has not briefed, on this appeal, the refusal of the court to impose sanctions pursuant to § 109.180, and he is thereby deemed to have abandoned this issue. Hence, the only issue remaining for the trial court to decide is whether the sanction provided in § 610.027, of a civil fine and assessment of costs and attorney fees, should be imposed against the sheriff as prayed for in Count I.

The judgment is reversed and this cause is remanded with directions to enter a judgment granting a writ in mandamus as prayed in the petition and for consideration of whether to subject the sheriff to a civil fine and the imposition of costs and attorney fees in favor of Charlier.

All concur.