Bradford E. Ellsworth Texas County Prosecuting Attorney Texas County Courthouse Annex 116 East Main Houston, Missouri 65483
Dear Mr. Ellsworth:
This opinion letter is in response to your question asking whether the Texas County Commission may compel the Texas County Sheriff to turn over daily log books to the county commission. We note that Texas County is a county of the third class.
Section 610.010(2), RSMo Supp. 1990, defines a "public governmental body," in part, as "any legislative, administrative governmental entity created by the constitution or statutes of this state. . . ." In Charlier v. Corum, 774 S.W.2d 518
(Mo.App. 1989), the court of appeals concluded that a county sheriff is a "public governmental body" as defined by Section610.010(2), RSMo. The court opined:
 Unquestionably, the sheriff is an office created by § 57.010. The duties imposed upon the sheriff by § 57.100 relate to law enforcement and the execution of process directed to him by legal authority. It is clear that the sheriff is an administrative entity created by state statute.
Id., 774 S.W.2d at 520.
"[A]ny record retained by or of any public governmental body" is a "public record" as defined by Section 610.010(4), RSMo Supp. 1990. Pursuant to the public policy stated in Section 610.011, RSMo Supp. 1990, "all public records of public governmental bodies shall be open to the public for inspection and copying" except as otherwise provided by law.
Your opinion request does not state what matters are contained in the daily log book maintained by the sheriff. We note, as thoroughly discussed in Attorney General Opinion Letters Nos. 42-86 and 193-90, copies of which are enclosed, certain arrest records and investigative records are closed by law. In addition, records relating to juveniles are closed pursuant to provisions in Chapter 211, RSMo. We further note that Section 610.150, RSMo Supp. 1990, provides "[a]ny information acquired by a law enforcement agency by way of a complaint or report of a crime made by telephone contact using the emergency number, `911', shall be inaccessible to the general public."
To the extent the sheriff's daily log book contains matters that are closed by law, it should be considered a closed record. We find no provisions within the statutes of Missouri giving the county commission access to records closed pursuant to the provisions cited herein. This does not, however, lead to the conclusion that the county commission should be denied access to all of the daily log book.
Section 610.120.1, RSMo Supp. 1990, provides in part:
 All records which are closed records shall be removed from the records of the courts, administrative agencies, and law enforcement agencies which are available to the public and shall be kept in separate records which are to be held confidential and, where possible, pages of the public record shall be retyped or rewritten omitting those portions of the record which deal with the defendant's case. If retyping or rewriting is not feasible because of the permanent nature of the record books, such record entries shall be blacked out and recopied in a confidential book.
To the extent the daily log book contains matters closed by law, confidentiality of the closed records should be maintained in the manner provided in Section 610.120.1, RSMo Supp. 1990. The remainder of the daily log book, as a public record, should be made available to the county commission for inspection and copying.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures: Opinion Letter No. 42-86 Opinion Letter No. 193-90