The Honorable Dennis Ziegenhorn Representative, District 157 State Capitol Building, Room 413B Jefferson City, Missouri 65101
Dear Representative Ziegenhorn:
This opinion is in response to your question asking whether property record cards maintained by a county assessor's office are public records. A sample property record card is attached as Exhibit A.
It is our understanding that a property record card in the form of that attached as Exhibit A or a variation thereof is used by county assessors to assist them in performing the duties of their office. We find no statutes specifically requiring county assessors to keep property record cards.
Chapter 610, RSMo, is commonly referred to as the Sunshine Law. Section 610.010(2), RSMo Supp. 1990, defines a "public governmental body" as:
 610.010. Definitions. — As used in sections 610.010 to 610.030 and 610.100 to 610.115, unless the context otherwise indicates, the following terms mean:
* * *
 (2) "Public governmental body", any legislative, administrative governmental entity created by the constitution or statutes of this state, by order or ordinance of any political subdivision or district, or by executive order, including . . . .
* * *
The office of county assessor is a "legislative, administrative governmental entity created by the constitution or statutes of this state" and is, therefore, a "public governmental body" as defined in Section 610.010(2). See Charlier v. Corum,774 S.W.2d 518 (Mo.App. 1989) (A county sheriff is a public governmental body, because the office of sheriff is an administrative entity created by state statute.)
Section 610.010(4), RSMo Supp. 1990, defines a "public record" as follows:
 (4) "Public record", any record retained by or of any public governmental body including any report, survey, memorandum, or other document or study prepared and presented to the public governmental body by a consultant or other professional service paid for in whole or in part by public funds; . . . .
A property record card prepared and retained by a county assessor is a "public record" as defined in Section 610.010(4).
All provisions within Chapter 610, RSMo, must be construed in accordance with the statement of public policy contained in Section 610.011, RSMo Supp. 1990:
 610.011. Liberal construction of law to be public policy. — 1. It is the public policy of this state that meetings, records, votes, actions, and deliberations of public governmental bodies be open to the public unless otherwise provided by law. Sections 610.010 to 610.028 shall be liberally construed and their exceptions strictly construed to promote this public policy.
 2. Except as otherwise provided by law, all public meetings of public governmental bodies shall be open to the public as set forth in section 610.020, all public records of public governmental bodies shall be open to the public for inspection and copying as set forth in sections 610.023 to 610.026, and all public votes of public governmental bodies shall be recorded as set forth in section 610.015.
Section 610.021, RSMo Supp. 1990, lists fifteen exceptions authorizing a public governmental body to close meetings, records and votes. No exception specifically relates to property record cards. Section 610.021(14), RSMo Supp. 1990, authorizes closure of "[r]ecords which are protected from disclosure by law." However, we find no provisions within Chapter 53, RSMo, relating to county assessors, which either require or allow closure of a property record card. Accordingly, we conclude that property record cards are public records to be made available for inspection and copying as provided in Section 610.023, RSMo Supp. 1990.
CONCLUSION
It is the opinion of this office that property record cards prepared and retained by a county assessor are public records as defined by Section 610.010(4), RSMo Supp. 1990, to be made available for inspection and copying as provided in Section610.023, RSMo Supp. 1990.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Attachment: Exhibit A
EXHIBIT A