The Honorable Mike Schilling Representative, District 136 State Capitol Building, Room 115J Jefferson City, Missouri 65101
Dear Representative Schilling:
This opinion is in response to your question asking:
 Are gun permit records kept by county sheriffs public records open to inspection under the state open records law?
Section 571.090, RSMo Supp. 1992, authorizes a county sheriff to issue permits to qualified applicants who want to acquire concealable firearms. A person seeking such a permit must file a written application with the sheriff of the county in which the applicant resides. An application is to be signed and verified by the applicant, and is to state only the following: the name, social security number, occupation, age, height, color of eyes and hair, residence and business addresses of the applicant, the reason for desiring the permit, and whether the applicant complies with each of the requirements specified in subsection 1 of Section 571.090. Subsection 5 of Section 571.090 provides in part: "The sheriff shall keep a record of all applications for permits, his action thereon, and shall preserve all returned permits."
Access to public records is provided by Section 109.180, RSMo 1986, and by Chapter 610, RSMo. Section 109.180, RSMo 1986, enacted in 1961, provides:
 109.180. Public records open to inspection — refusal to permit inspection, penalty. — Except as otherwise provided by law, all state, county and municipal records kept pursuant to statute or ordinance shall at all reasonable times be open for a personal inspection by any citizen of Missouri, and those in charge of the records shall not refuse the privilege to any citizen. Any official who violates the provisions of this section shall be subject to removal or impeachment and in addition shall be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine not exceeding one hundred dollars, or by confinement in the county jail not exceeding ninety days, or by both the fine and the confinement.
Section 610.023.2, RSMo Supp. 1992, provides:
 610.023. Records of governmental bodies to be in care of custodian, duties — records may be copied but not removed, exception, procedure — denial of access, procedure. —
* * *
 2. Each public governmental body shall make available for inspection and copying by the public of that body's public records. No person shall remove original public records from the office of a public governmental body or its custodian without written permission of the designated custodian.
* * *
For purposes of Chapter 610, a public governmental body is defined as "any legislative, administrative governmental entity created by the constitution or statutes of this state, . . . ." Section 610.010(2), RSMo Supp. 1992. A county sheriff is a "public governmental body." Charlier v. Corum, 774 S.W.2d 518
(Mo.App. 1989). A public record is defined in Section610.010(4), RSMo Supp. 1992, as:
 (4) "Public record", any record retained by or of any public governmental body including any report, survey, memorandum, or other document or study prepared and presented to the public governmental body by a consultant or other professional service paid for in whole or in part by public funds; provided, however, that personally identifiable student records maintained by public educational institutions shall be open for inspection by the parents, guardian or other custodian of students under the age of eighteen years and by the parents, guardian or other custodian and the student if the student is over the age of eighteen years;
The primary distinction between the two records laws is that Section 109.180 pertains to records which are kept pursuant to statute or ordinance while Chapter 610 provisions refer to virtually any record within the possession of a public governmental body.
Section 571.090.5 requires the sheriff to keep "a record of all applications for permits, his action thereon, and shall preserve all returned permits." Because these records are kept pursuant to statute, they are public records within the meaning of Section 109.180 as well as Section 610.023.
Having concluded that such permit records are public records, the next question to address is whether they are open to inspection and copying or whether they are closed pursuant to a provision of law. Section 571.090 does not expressly authorize or require closure of such permit records.
Section 610.011, RSMo Supp. 1992, provides in part:
 610.011. Liberal construction of law to be public policy. — 1. It is the public policy of this state that . . . records . . . of public governmental bodies be open to the public unless otherwise provided by law. Sections 610.010 to 610.028 shall be liberally construed and their exceptions strictly construed to promote this public policy.
* * *
Section 610.021, RSMo Supp. 1992, lists fifteen exceptions authorizing closure of public records. None of these exceptions pertains to such permit records. Consequently, we conclude that in accordance with Section 109.180 and Chapter 610, such permit records retained by a county sheriff pursuant to Section571.090.5 are public records open to inspection.
CONCLUSION
It is the opinion of this office that records relating to permits to acquire a concealable firearm retained by a county sheriff as required by Section 571.090.5, RSMo Supp. 1992, are public records open to inspection pursuant to Section 109.180, RSMo 1986, and Section 610.023, RSMo Supp. 1992.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General